[No. 2725. Decided December 22, 1897.]

DAVID B. DENTON, *Respondent,* v. THE MERCHANTS'
NATIONAL BANK OF SEATTLE, *Respondent,* CHARLES
H. BAKER, *as Receiver, Appellant.*

#### VACATION OF JUDGMENT — DILIGENCE OF MOVING PARTY.

Although the receiver of an insolvent bank may have had
no notice of the pendency of a suit to recover judgment on a
claim rejected by him, he is not entitled to have the judgment
vacated on the ground of mistake, inadvertence, surprise or ex-
cusable neglect, under Code Proc., § 221 (Bal. Code, § 4953), when
he has waited for more than a year with knowledge of the judg-
ment before moving the court for relief against it.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge. Affirmed.

*Stratton, Lewis & Powell,* for appellant:

The fact that this application was not made until more
than a year after the rendition of the judgment is no rea-
son for denying the application provided a proper show-
ing is otherwise made. *Marston v. Humes,* 3 Wash. 267.
Mere lapse of time is no ground for denying the applica-
tion. The rule is that the plaintiff, or those claiming un-
der him, must have so acted under the judgment during
the lapse of time as to make it a hardship to vacate the
same. *Vilas v. Plattsburgh & M. R. Co.,* 25 N. E. 941
(20 Am. St. Rep. 771); *Nell v. Dayton,* 49 N. W. 981.

*Bausman, Kelleher & Emory,* for respondents:

The receiver cites a few cases in which the courts have
indulged long delay. Certainly, because excuses were of-
fered. We challenge the production of a single case in
which such delay was pardoned without excuses at all. De-

lay unexplained is fatal. *Societé Fonciere v. Milliken,* 10 Sup. Ct. 823; *Altman v. Gabriel,* 9 N. W. 633.

The opinion of the court was delivered by

REAVIS, J.—On the 7th of November, 1895, plaintiff (here respondent) commenced an action against the defendant, the Merchants' National Bank of Seattle, and regularly served the defendant with summons. Summons and complaint were not filed until the 30th of November following, and judgment by default was taken against the bank. Defendant bank on the 20th of May preceding was insolvent and suspended payment, and on the 6th of July following its suspension Charles H. Baker was duly appointed receiver by the comptroller of the treasury, and has ever since been such receiver.

The cause of action was upon a contract made some two years prior to the bank's insolvency. The demand was presented to the receiver and rejected by him before suit was commenced against the bank. It seems that Mackintosh, the assignor of the plaintiff, loaned certain securities to the bank, the bank agreeing to return them by the 1st of January following or to pay Mackintosh their face value, $25,000, with interest. The bank received the securities and used them in New York City as collateral for the benefit of its depositors, and the contract remained undisturbed and in full force from its date to the insolvency of the bank two years later. The receiver had full knowledge of this contract before it was put in judgment, but did nothing with reference to it. He took no steps to have it set aside and made no offer to return the securities to Mackintosh, but did reject the demand of plaintiff, the assignee of Mackintosh, to pay for the securities under the contract. After judgment was rendered in this cause, it was presented to Baker, the receiver, with a demand that it be received

as a claim against the bank, and share as other audited and received claims in the proceeds of the assets in the possession of the receiver; the receiver again rejected the claim.

The receiver Baker also has an action pending in the circuit court of the United States for this district to vacate and set aside the judgment of the superior court in this cause. On the 10th of March, 1897, he applied to the superior court to vacate and set aside the judgment entered in this case on the 30th day of November, 1895, and to permit him to file an answer and defend as such receiver. In an affidavit filed by himself he sets forth substantially that the securities under the contract between the bank and Mackintosh were worthless and that Mackintosh was a stockholder in the bank and president thereof; that at a meeting of the directors of the bank the cashier was authorized to deliver to Mackintosh proper vouchers for the securities, acknowledging the bank's indebtedness to Mackintosh for the value thereof, which indebtedness was to be retired by the return of the securities on or before January 1, 1894.

The claim which Mackintosh filed with the receiver before the commencement of this suit was for $29,250.00 on account of the securities received by the bank. The affidavit charges collusion between the cashier of the bank and Mackintosh in that the cashier did not make known the service of summons upon the bank to the receiver Baker, and sets up that many facts set forth in the complaint of plaintiff were untrue.

In April, 1896, the plaintiff in this cause brought suit upon the judgment in the United States court; the cause was finally determined in the circuit court of appeals. 79 Fed. 189. The receiver Baker, having waited over a year and three months, made his application to the superior court to vacate and set aside the judgment entered in this

cause. The only grounds upon which the receiver could, at so late a date, make this motion are stated in section 221, 2 Hill's Code (Bal. Code, § 4953):

"The court may . . . , upon affidavit showing good cause therefor, after notice to the adverse party . . . upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment . . . taken against him through his mistake, inadvertence, surprise, or excusable neglect."

While the receiver of the national bank is a proper party. in a suit against the insolvent bank he is not a necessary party. The circuit court of appeals in *Denton v. Baker*, *supra*, observes:

"It is not denied that the state court of King county, Wash., where the corporation was located, and where the contract relied on by the complainant was made, was a court of competent jurisdiction for the adjudication of the rights of the parties to the contract which forms the basis of the complainant's suit, had there been no insolvency proceedings. It follows that it was a court of competent jurisdiction for the adjudication of the complainant's claim, the bank having become insolvent, and the receiver of its assets having rejected the claim. Undoubtedly, the receiver would have been entitled to have defended that suit in the name of the bank or in his own, and would have been permitted by the court, upon a seasonable application, to have contested the validity of that judgment."

The supreme court of the United States in *Bank of Bethel v. Pahquioque Bank*, 14 Wall. 383, said:

"Claims proved to the satisfaction of the comptroller are to be included in the list, and he is also to include in the list all claims adjudicated in a court of competent jurisdiction, which shows conclusively that claims disallowed by the comptroller may be prosecuted in a court having jurisdiction in such cases."

The mistake, inadvertence, surprise or excusable neglect mentioned in section 221 of the Code, *supra*, all re-

late to facts which were unknown to the moving party prior to the time of the entry of the judgment, or misunderstood by such party. The receiver was charged with knowledge of plaintiff's claim against the insolvent bank, and that plaintiff might sue upon it in the superior court and obtain judgment therein; and whether he knew the actual pendency of the action would, under all the facts disclosed in this record, be immaterial. A seasonable application to that court after the entry of judgment would present an entirely different proposition. While cases may be found where long delays have been excused in the moving party in making an application to vacate a judgment, no case has been called to our attention where the facts are similar to those in the case under consideration. We do not discover any excusable neglect in the receiver in making this application. On the contrary, a fair inference from all his acts in relation to the judgment entered is that he had deliberately determined not to make such an application or to appear in the superior court, and afterwards changed his intention when the motion to vacate was made.

We think from the record presented here the order of the superior court denying the application to vacate the judgment was correct, and it is affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.