[No. 2888.  Decided March 23, 1898.]

THE STATE OF WASHINGTON, *on the Relation of John M. Boyle,* v. SUPERIOR COURT OF PIERCE COUNTY.

PROHIBITION TO SUPERIOR COURT — VACATION OF JUDGMENT — PROCEDURE.

Prohibition will lie to restrain a court from vacating its own judgment on the ground of irregularity in that there is no proof of service of summons upon defendants of record, when the judgment itself contains a recital of due service and there is no showing in support of the motion to vacate that process had not in fact been served.

A court has no authority to vacate its judgment on motion made therefor years after its rendition, but the defendant must proceed by an action in equity to set aside the judgment. (ANDERS, J., dissents.)

*Original Application for Prohibition.*

*A. R. Titlow,* for relator:

Prohibition will be granted against an inferior court by the supreme court, where the inferior court is attempting to act to the injury of the party from the want of jurisdiction or in excess of its jurisdiction, and where there is no adequate remedy for the complaining party. *State ex rel. Rochford v. Superior Court*, 4 Wash. 36; *State ex rel. Cummings v. Superior Court*, 5 Wash. 519; *North Yakima v. Superior Court*, 4 Wash. 655; *State ex rel. Schloss v. Superior Court*, 3 Wash. 701; *State ex rel. Machinery Co. v. Superior Court*, 7 Wash. 80; *State ex rel. Dodge v. Langhorne*, 12 Wash. 588.

Though the recital in a judgment that defendant was duly summoned is, in the absence of the affidavit of service, only *prima facie* evidence of that fact, yet, when the judgment is directly attacked it must be repudiated before the judgment will be set aside. *Whitney v. Daggett*, 41 Pac. 471. The court has jurisdiction to enter the judgment even though at the time summons with proof of service had not been filed with the clerk. *Hibernian S. & L. Soc. v. Matthai*, 48 Pac. 370, and cases therein cited. A judgment reciting that the defendants were duly and regularly served and cited to appear, and that they made default, is an adjudication upon those points as conclusive upon all parties as any other fact at issue. *Kizer v. Caufield*, 17 Wash. 417. Every fact not negatived by the record will be presumed in aid of the judgment, and it will only be held void when it affirmatively appears from the record that the court had no jurisdiction to render it. *Munch v. McLaren*, 9 Wash. 676. The decree reciting that the summons and complaint had been duly served, will not be contradicted by the presence in the record (as in this case) of a summons without a return of service. *Rogers v. Miller*, 13 Wash. 86 (52 Am. St. Rep. 20); *Christofferson v. Pfennig*, 16 Wash. 491.

9—19 WASH.

*Stiles & Harvey*, for respondent:

A superior court in this state has the power, on motion, to set aside a default judgment theretofore entered by it, if that judgment is on its face, or on the face of the judgment roll, void for want of service of the summons on the defendants.   Freeman, Judgments (3d ed.), § 98;   *Harris v. Hardeman*, 14 How. (14 Law. ed.) 334;   *Hallett v. Righters*, 13 How. Pr. 43;   *People v. Harrison*, 24 Pac. 311;   *Reinhart v. Lugo*, 24 Pac. 1089 (21 Am. St. Rep. 52);   *McKinlay v. Tuttle*, 42 Cal. 571;   *People v. Greene*, 74 Cal. 400 (5 Am. St. Rep. 448);   *People v. Pearson*, 76 Cal. 400;   *In re City of Buffalo*, 78 N. Y. 362.   The power of a court to vacate a void judgment does not expire by lapse of time.   6 Enc. Pl. & Pr. 193, and note 3.   The proof of service is a part of the record and will, if insufficient, overcome recitals in the judgment.   *Hallett v. Righters*, 13 How. Pr. 43;   *Laney v. Garbee*, 105 Mo. 355 (24 Am. St. Rep. 391);   *Clark v. Thompson*, 47 Ill. 25 (95 Am. Dec. 457);   *Senichka v. Lowe*, 74 Ill. 274;   *Harris v. Hardeman*, 14 How. (14 Law. ed.) 334.

A void judgment may be ignored at any time the plaintiff undertakes to assert any rights thereunder;   or it may be appealed from;   or a motion will lie at anytime, on behalf of the defendant, to vacate it and set it aside.   12 Am. & Eng. Enc. Law, pp. 1470, 307;   *Foreman v. Carter*, 9 Kan. 674;   *Hervey v. Edmunds*, 68 N. C. 243;   *Howard v. Galloway*, 60 Cal. 10;   *Lyhans v. Cunningham*, 66 Cal. 42;   *Russell v. Grant*, 122 Mo. 161 (43 Am. St. Rep. 563);   *Hawkins v. Hawkins' Adm'r*, 28 Ind. 66;   *Weis v. Schoerner*, 53 Wis. 72;   *Ferguson v. Crawford*, 70 N. Y. 253 (26 Am. Rep. 589).

The opinion of the court was delivered by

Scott, C. J.—This is an application for a writ to pro-

hibit the respondent from vacating a judgment rendered in January, 1894, in favor of the Tacoma National Bank, as plaintiff, against Otis Sprague and Mave H. Sprague, husband and wife, defendants, the relator being now the owner of the judgment. The judgment contained a recital that each of the defendants "was duly served with a copy of the summons and complaint" and that each of them had failed to appear within the time prescribed. On the 25th day of February last the defendants appeared specially and moved to vacate the judgment, serving notice of the motion on the relator and the attorney of record of the plaintiff. The motion to vacate was on the ground that there was no proof of the service of the process. There was no allegation nor showing that the process had not in fact been served. There was a document on file in the form of an affidavit showing personal service of the process upon each of the defendants. The same was not sworn to, and the contention of the respondent is that it must be presumed that this was the only proof of service made, and, it not being sworn to, that the judgment was void. We think under the holdings of this court in *Rogers v. Miller*, 13 Wash. 82 (42 Pac. 525); *Christofferson v. Pfennig*, 16 Wash. 491 (48 Pac. 264), and *Kizer v. Caufield*, 17 Wash. 417 (49 Pac. 1064), the presumption must be that there was a valid service. This document might in fact have been sworn to in open court before the judge at the time the judgment was taken. Although it was irregular not to have proof of service appear of record, this would not affect the jurisdiction of the court to render judgment. Furthermore, we do not think the court would have any authority years after the rendition of this judgment to vacate it upon a mere motion like the present one. The plaintiff, or its successor in interest, was not before the court for any such purpose and could only be brought in after this lapse of time by the service of pro-

cess.   A bill in equity, or perhaps a petition, would lie to set aside the judgment, but in such case the plaintiff or the party in interest would have to be legally brought in by service of process, and just cause for setting aside the judgment would have to be shown;   for instance, that the process in fact had not been served, and this alone might not be sufficient, for a party is bound to proceed with reasonable diligence.   It is also alleged in this case that the defendants have recognized the judgment by making several payments upon it.   We think a good cause is shown for the issuance of the writ.   *State ex rel. Nolte v. Superior Court*, 15 Wash. 500 (46 Pac. 1031);   *State ex rel. Dodge v. Langhorne*, 12 Wash. 588 (41 Pac. 917).

Writ granted.

Gordon and Reavis, JJ., concur.

Anders, J.—I think the judgment sought to be set aside in this case was not void, for the reason that the recital therein that the defendants were duly served with a copy of the complaint and summons, is not contradicted by anything appearing to the contrary in the record.   In such cases the recital is itself an adjudication of the fact recited. But I am of the opinion that a void judgment may be set aside at any time on motion;   and I therefore concur in the result.