[No. 5078.    Decided April 9, 1904.]

THE STATE OF WASHINGTON, on the Relation of Dora Twigg, Plaintiff, v. THE SUPERIOR COURT OF KING COUNTY, Defendant.[1]

MORTGAGES—FORECLOSURE—PLEADING—PRAYER OF COMPLAINT—JUDGMENT FOR DEFICIENCY. A deficiency judgment upon a mortgage foreclosure is authorized by a prayer in the complaint for judgment generally, for a foreclosure decree and sale, and further proper relief (*Rogers v. Turner*, 19 Wash. 399, followed).

PROHIBITION — TO PREVENT THREATENED ERROR — REMEDY BY APPEAL—VACATION OF JUDGMENT. Prohibition will not lie to prevent the threatened erroneous vacation of a judgment, where the same would be a final disposition of the case, since there is an adequate remedy by appeal.

APPEAL — FINAL ORDER — JUDGMENT — VACATION BECAUSE NOT AUTHORIZED BY COMPLAINT—ORDER AFTER MORTGAGE FORECLOSURE SALE—APPEALABLE AS AFFECTING SUBSTANTIAL RIGHT. Where, upon a mortgage foreclosure, there is a sale of the property and a deficiency judgment entered, an order setting aside the deficiency judgment on the ground that it was not authorized by the prayer of the complaint would be a final disposition of that part of the case, and appealable as affecting a substantial right, under Bal. Code, § 6500, subd. 1.

Application for a writ of prohibition, filed in the supreme court March 10, 1904, to prevent the threatened

[1]Reported in 76 Pac. 282.

vacation of a judgment by the superior court of King county, Bell, J. Writ denied.

*Fred H. Peterson,* for relator.

*H. E. Peck,* for respondent.

MOUNT, J.—Original application for a writ of prohibition. It appears from the record herein that the relator, on May 12, 1899, commenced an action in the superior court of King county against Fannie James and J. L. James, husband and wife, to recover upon two promissory notes, dated in April, 1893, and to foreclose a mortgage, given upon real property in said county to secure the said notes. Personal service of the summons and complaint was made upon each of the defendants in that action. The prayer of the complaint was as follows:

"Wherefore, plaintiff demands judgment against said defendants and each of them upon the first cause of action in the sum of $500, with interest from April 18, 1893, at twelve per cent per annum, until paid, and upon the second cause of action in the sum of $226.60, with interest from April 29, 1893, at twelve per cent per annum until paid, and for taxes paid in the sum of $72.60, and attorney's fee in the sum of $50, and for all costs and disbursements herein taxed; that a decree be entered foreclosing the aforesaid mortgage and that the aforesaid judgment and the whole thereof be paid out of the proceeds accruing from the sale of the property in said complaint and mortgage described, and that the plaintiff or any person may become a purchaser and be let into possession of said premises upon the production of a certificate of purchase, and that said defendants and each of them be forever barred of any and all right and title whatsoever in and to said lots or either of them except the right to redeem, and that plaintiff have such other and further relief as may seem proper herein."

Neither of the defendants appeared in response to said

summons and complaint, but both made default.    There-
after, on June 8, 1899, a judgment was entered as fol-
lows, omitting the title:

"The court having made its findings of fact and conclu-
sions of law in said action, now, upon motion of Fred H.
Peterson, attorney for plaintiff, this court enters the follow-
ing decree:    Wherefore it is hereby ordered, adjudged
and decreed that said plaintiff have and recover from
said defendants and each of them the sum of $1,146.20,
with interest thereon at the rate of twelve·per cent per
annum until paid, and an attorney's fee of $50, and all
costs and disbursements herein; that the mortgage de-
scribed in the complaint in said action be foreclosed and
the property therein described, to wit, lots 4 and 5 in
block 57, in Gilman Park in said King county, be sold
by the sheriff of said county in the manner provided by
law, and that the proceeds thereof be applied in payment
of the aforesaid judgment, attorney's fee and costs and
interest, and the plaintiff have a judgment for any de-
ficiency that may remain after applying the proceeds of
such sale as aforesaid, and that execution may issue for
such deficiency against the property of each of said de-
fendants; that said plaintiff or any other person may be-
come a purchaser at such sale, and that the purchaser be
let into possession of said premises upon the production
of a certificate of purchase, and that said defendants and
each of them be forever barred from any and all right,
title and interest whatever in and to the said property
except the right to redeem as provided by law."

Subsequently, in July, 1899, the property described in
the decree was sold for $500, leaving a balance of $743
unsatisfied.    The sale was subsequently confirmed and the
deed issued.    Nothing further was done in the case until
February 17, 1904, when the defendant therein appeared
specially, and moved the trial court to set aside and va-
cate the judgment, upon the grounds, that it is void be-
cause the court had no jurisdiction to grant the relief

claimed in the decree; that it was rendered by default, without proof of service; that it was procured by fraud; and that the complaint did not demand a deficiency judgment. When this motion was heard, the judge stated that he would grant an order vacating the deficiency judgment, on the ground that the prayer of the complaint did not authorize such judgment. No order was made, however, the court granting the plaintiff time to apply here for a writ of prohibition, which was done, and a temporary writ was issued.

The main contention upon the argument here is upon the question whether the lower court had jurisdiction to grant a deficiency judgment, upon the prayer of the complaint above quoted, where the defendants defaulted. We have no doubt upon this question. It falls squarely within the rule in *Rogers v. Turner,* 19 Wash. 399, 53 Pac. 663. While we are, for that reason, of the opinion that the lower court is threatening to commit error, yet this is not enough to authorize us to issue the writ prayed for, because, under the statute, the writ will issue only "where there is not a plain, speedy and adequate remedy in the ordinary course of law." § 5770, Bal. Code. This court has frequently held that the writ will not issue for the purpose of correcting or reviewing errors of the trial court. *State ex rel. Foster v. Superior Court,* 30 Wash. 156, 70 Pac. 230, 73 Pac. 690, and authorities there cited. It follows that the writ will not issue to prevent the court from committing a threatened error.

It is true, as argued by relator, that we have many times held that there is no appeal from an order vacating a judgment. *Nelson v. Denny,* 26 Wash. 327, 67 Pac. 78. But, in all the cases where we have so held, the effect of the order vacating the judgment was not a final

disposition of the case. It permitted the parties to contest the case upon the merits, and a subsequent final judgment to be entered, from which an appeal might be taken. The reason given for the rule in such case is that such practice needlessly delays litigation, and permits causes to be brought here by piecemeal. But such is not this case. If the lower court shall make the order setting aside the deficiency judgment because the court was not authorized to enter it, under the prayer of the complaint, that order will be a final determination of that part of the judgment. It will completely determine the case, and will certainly affect a substantial right. It is clearly appealable, under subd. 1, § 6500, Bal. Code.

For this reason the writ prayed for is denied.

FULLERTON, C. J., and ANDERS and HADLEY, JJ., concur.