[No. 4820. Decided February 4, 1905.]

THOMAS SCOTT, *Respondent,* v. FRANK HANFORD, *Appellant.*[1]

JUDGMENTS—VACATION—ATTACK BY MOTION—LIMITATION—FAILURE TO DENY ALLEGATION. A motion to vacate a judgment valid on its face, for alleged want of service of process, must be denied when it was not filed until after the statutory period for such an attack, and the failure to deny the allegation as to want of service does not warrant the granting of the motion.

Appeal from an order of the superior court for King county, Tallman, J., entered March 14, 1903, denying defendant's motion to vacate a judgment entered April 19, 1897. Affirmed.

*Eskridge & Watrous,* for appellant. A void judgment may be set aside at any time on motion. *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858; *Spokane & Idaho Lum. Co. v. Stanley,* 25 Wash. 653, 66 Pac. 92; *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446; *Manufacturers' etc. Bank v. Boyd,* 3 Denio 257; *Dederick's Adm'r v. Richley,* 19 Wend. 108; *Lee v. O'Shaughnessy,* 20 Minn. 173; *Du Bois v. Clark,* 12 Col. App. 220, 55 Pac. 750. The judgment was absolutely void for want of any service of process. *Allen v. McIntyre,* 56 Minn. 351, 57 N. W. 1060; *Heffner*

[1]Reported in 79 Pac. 481.

*v. Gunz,* 29 Minn. 108, 12 N. W. 342; *Hanson v. Hanson*
(Cal.), 20 Pac. 736. A motion is a direct attack and may
be based on defects *de hors* the record. *Johnson v. Gregory,*
4 Wash. 109, 29 Pac. 831, 31 Am. St. 907. The vacation
of a void judgment is a matter of right. *Heffner v. Gunz,*
*supra;* *Hole v. Page,* 20 Wash. 208, 54 Pac. 1123. Lapse
of time is not ground for denying the motion. *McEachern*
*v. Brackett,* 8 Wash. 652, 36 Pac. 690, 40 Am. St. 922;
*People v. Greene,* 74 Cal. 400, 16 Pac. 197, 5 Am. St.
448; *Wolferman v. Bell,* 8 Wash. 140, 35 Pac. 603; *Brooks*
*v. Lewis,* 22 Wash. 192, 60 Pac. 121; *Allen v. McIntyre,*
*Lee v. O'Shaughnessy,* and *Heffner v. Gunz, supra.*

*E. J. Grover* and *Harrison B. Martin,* for respondent,
contended, *inter alia,* that the judgment could not be at-
tacked by motion after the lapse of one year. Bal. Code,
§ 5155; *Wheeler v. Moore,* 10 Wash. 309, 38 Pac. 1053;
*Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; *State ex rel.*
*Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67
Am. St. 724.

FULLERTON, J.—On April 19, 1897, in the superior
court of King county, the respondent recovered judgment
against C. T. LeBallister and the appellant, Frank Han-
ford, for the sum of $516.48, due upon a promissory note
executed by the judgment debtors in favor of the respond-
ent. The judgment was entered by default, on a return
made by the sheriff showing personal service on both of the
defendants, in King county. The judgment remained on the
records uncollected until December 24, 1902, when the re-
spondent began proceedings to revive the same, causing
notice of his application to be served upon the appellant,
Hanford. Hanford filed an answer to the application to
revive, which was stricken by the court on motion of the
respondent. Thereupon he filed a motion to vacate the

original judgment on the ground that no service of summons in that action had been made upon him, supporting his motion by his own affidavit to the effect that the sheriff's return, citing such service, was false. This motion the trial court denied, and he appeals from that ruling.

The appellant argues that, inasmuch as there was no denial of his allegation to the effect that no personal service was made on him in that action, his statement in that regard must be taken as true, and, being true, it conclusively appeared that the judgment was void for want of jurisdiction, and the court should have granted his motion to vacate and set it aside. But this is not the rule. The appellant cannot attack the judgment in this way. Where it appears on the face of the record that no service has been made on the defendant, and the court must know, from a bare inspection thereof, that the judgment is void for want of jurisdiction over the person of the defendant, it will set aside the judgment, on the motion of the defendant or of any one injuriously affected by it; but, when the judgment is valid on its face, it is not thus subject to attack. To set aside a judgment for matters *de hors* the record, it must be attacked by some one of the statutory methods for the vacation of judgments, and within the time limited by statute, or by a suit setting up some equitable ground for its vacation. A motion, supported by affidavit, filed more than five years after the entry of the judgment, is not such an attack; and the court in this instance did not err in refusing to consider the motion filed by the appellant. The order appealed from is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.