[No. 5306.   Decided March 10, 1905.]

DORA TWIGG, *Respondent*, v. FANNIE JAM] S *et al.*, *Appellants.*[1]

MORTGAGES—FORECLOSURE—JUDGMENT—JURISDICTION TO GRANT RELIEF PRAYED—DEFAULT. A judgment in foreclosure cannot be objected to for want of jurisdiction to grant the re'ief on the ground that the mortgage secured only one of the notes for which the judgment was entered, where the compla nt alleged that it secured both notes and the defendants defaulL:d.

JUDGMENT—VACATION—PROOF OF SERVICE—RECORD ]'AILING TO SHOW—IRREGULARITY—DEFAULT. Failure of the recori to show proof of service of the summons is merely an irregu arity that does not affect the jurisdiction of the court to render judgment, where the court has found that default was duly ente 'ed.

JUDGMENT—VACATION—FRAUD—FAILURE TO ACCEPT OFFER OF COMPROMISE. A judgment of foreclosure entered up n default duly taken will not be set aside on the ground of fra id, in that plaintiff's counsel failed to submit to his client a pro osition of settlement made by the defendants as he agreed to d , where it is not shown that defendants were misled by any false statement.

JUDGMENT—VACATION—NO MERITORIOUS DEFENSE—F RECLOSURE DECREE FOR SUM NOT SECURED—SALE FOR LESS SUM. Where a judgment of foreclosure was entered for the amou t of two notes, only one of which was secured by the mortga e, and at the sale the premises were bid in for less than the mount of such note, a deficiency judgment for the balance is r ot subject to attack where it is not disputed that the indebtednes upon the other note was valid, due, and unpaid.

JUDGMENT—VACATION—TIME AND METHOD OF FILING A] PLICATION. Under Bal. Code, §§ 5153, 5156-7, an application to vac: te a judgment for fraud in obtaining it must be made by petit on within one year, by the notice prescribed, or by bill in equit), and cannot be made by special appearance in the action five ] ears after entry of the judgment.

Appeal from orders of the superior court 'or King county, Bell, J., entered March 18, and April 8, 190 ', refusing to vacate a foreclosure decree and deficie icy judg-

[1] Reported in 79 Pac. 959.

ment entered June 8, 1899, upon the special appearance and motions of the defendants. Affirmed.

*H. E. Peck,* for appellants.

*Fred H. Peterson,* for respondent.

HADLEY, J.—This appeal is from an order denying a motion to vacate a judgment. The judgment was entered June 8, 1899. The motion to vacate, made upon special appearance of the judgment defendants, was filed February 10, 1904. The judgment sought to be vacated was for the recovery of money upon two promissory notes of the defendants, and also contained a decree foreclosing a mortgage, ordering real estate sold to satisfy the judgment and awarding a deficiency judgment. The motion to vacate is based upon the following alleged grounds: (1) That the court had no jurisdiction to grant the relief contained in the decree; (2) that the judgment was void in that it was rendered by default without proof of service of the summons and complaint; (3) that it was procured by fraud.

We think the judgment was not void for want of jurisdiction. The complaint contained two causes of action upon two distinct promissory notes, and alleged that the notes were secured by mortgage. The court found that the default of the defendants had been duly entered. This presupposed due service of the summons and complaint. This is not denied by anything in the record, and we do not understand that it is in fact disputed. It is also shown that the mortgaged land is in King county. It follows that the court had jurisdiction of the persons of the appellants, and of the subject matter; also, to enter personal judgment, and to decree foreclosure of the mortgage. It is said that the mortgage in fact secured but one of the notes, but the complaint alleged otherwise and demanded

foreclosure of the mortgage for the whole amo int.   The
allegations of the complaint supported the judgm ent.   Appellants had notice of such allegations, and also of the demand in the complaint.

The point is made that the judgment was void for want
of proof of service of the summons and complaiat.   It is
true, such proof does not appear in the statement of facts
brought here, but the above-mentioned finding of the court
that the default was duly entered meets that ob ection.

"Although it was irregular not to have proof of service
appear of record, this would not affect the juris( iction of
the court to render judgment."   *State ex rel. Boyle v.
Superior Court*, 19 Wash. 128, 52 Pac. 1013, 67 Am. St.
724.

It is contended that the judgment was void bec 1use procured by fraud.   Speaking now without regard to the matter of procedure, and only upon the merits of the contention as to fraud, it is merely claimed that, after suit was
brought, one of the appellants proposed to res] ondent's
counsel that appellants would convey the property in satisfaction of the mortgage debt; that the counsel said he
would consult with his client, and let appellants know if
she would accept the offer; but that he did not comi nunicate
with appellants afterwards, before judgment wi s taken,
which provided for a deficiency.   That such a con ersation
occurred is affirmed by the affidavit of one of the appellants, and is denied by that of the counsel.   If the trial
court considered the question of alleged fraud ipon its
merits, its denial of the motion to vacate was ec uivalent
to a finding that appellants had not established tl eir contention, and, under the evidence in the record, w > should
not be disposed to disturb such finding.

Assuming that the alleged conversation did oc 3ur, the
appellants were, in any event, advised by the cc mplaint

that judgment was demanded for the full amount of both notes, and, also, for a foreclosure as to the amount of both. The conversation amounted to no more than a mere offer which was not accepted, and, inasmuch as appellants already knew the extent and nature of the demand of the suit, they cannot claim fraud for a mere failure to accept a compromise offer, since it is not shown that they were misled by any false statements or representations. Respondent was entitled to a deficiency judgment on the pleadings. It was so held as to this very judgment in *State ex rel. Twigg v. Superior Court,* 34 Wash. 643, 76 Pac. 282.

Under any view of the case, she was entitled to foreclosure and a deficiency judgment as to the note which it is admitted was secured by the mortgage. It is shown here that the land was afterwards sold, under the foreclosure execution, for less than the amount of the judgment based upon that note alone. It is not disputed that the indebtedness upon the other note was valid, due and unpaid. Respondent was, therefore, entitled to a personal judgment for the amount thereof, and, inasmuch as it stands as a mere personal judgment for an unpaid debt, we are unable to see that appellants are in any way harmed. If the judgment had been taken in another action, it would have been as much a lien as it now is.

Furthermore, even if we deemed appellants' contention meritorious, it has neither been timely presented nor in the proper way. Under our statute, Bal. Code, §§ 5153, 5156 and 5157, an application to vacate a judgment on the ground of fraud in obtaining it must be by petition, commenced within one year after the judgment was made, and on the same notice as to time, mode of service, and return, as in ordinary actions. This proceeding was begun by a mere motion, on special appearance, without the necessary

notice and nearly five years after the rend tion of the judgment. It was held in *State ex rel. Boyle v. Superior Court, supra,* that the court has no authority to vacate a judgment years after its rendition, upon mere motion such as was made here. It was pointed out that a bill in equity might lie to set aside the judgment, but that, in such case, the party in interest would have to be legally brought in by service of process.

For the reasons above stated, the judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.