[No. 8852.    Department Two.    June 27, 1910.]

OLIVE S. KEITH, *Respondent*, v. PERRY S. ROSE *et al.*, *Appellants.*

OLIVE S. KEITH, *Respondent*, v. EDWIN FLOOD *et al.*, *Appellants.*[1]

JUDGMENTS—VACATION—LIMITATIONS — NOTICE — PURCHASERS AT SALE. Under Rem. & Bal. Code, § 303, authorizing a court to grant relief from a judgment within a reasonable time, and § 466, fixing the extreme limit beyond which judgments cannot be vacated at one year, purchasers at an execution sale under a judgment fair on its face are not represented by the judgment creditor or his attorney after the expiration of one year; and the vacation of a judgment thereafter on notice only to such attorney is void as to purchasers not made parties, regardless of whether the judgment was void.

Appeal from a judgment of the superior court for Kitsap county, Frater, J., entered January 20, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in consolidated actions of ejectment. Reversed.

*O. L. Willett* and *P. W. Willett*, for appellants.

*William C. Keith* and *Blaine, Tucker & Hyland*, for respondent.

RUDKIN, C. J.—Between the 24th day of October, 1901, and the 11th day of November, 1901, tax judgments were entered in the superior court of Kitsap county, foreclosing

[1]Reported in 109 Pac. 810.

the lien of delinquency certificates against the property now in controversy, in five certain actions therein pending, wherein the Northwestern Investment Company was plaintiff and the Washington Southern Railway Company and others were defendants. The property was sold pursuant to these judgments, and the Northwestern Investment Company became the purchaser at the sale, receiving its tax deeds under date of November 11, 1901, and December 6, 1901. On the 20th day of January, 1902, the investment company conveyed a portion of the premises to the defendant Perry S. Rose, and the remainder to the defendant Edwin Flood. The Rose deed was filed for record on the 21st day of January, 1902, and the Flood deed on the 5th day of January, 1904. On the 26th day of September, 1904, Edwin Flood conveyed to the defendant Adelaide Flood.

On the 4th day of February, 1903, the Washington Southern Railway Company filed motions to vacate the tax judgments in the several tax proceedings. These motions were served on the prosecuting attorney of Kitsap county, who appeared as attorney for the plaintiff in the foreclosure proceedings, but no notice was served on Rose or Flood, the grantees of the purchaser at the tax sales, and they made no appearance at the hearing. The motions to vacate were granted, and the several tax judgments set aside and held for naught. Thereafter and on the 16th day of March, 1903, the Washington Southern Railway Company conveyed the property embraced in the tax deeds to William C. Keith, and on the 14th day of September, 1905, William C. Keith conveyed to his wife Olive Keith. The present actions were instituted on the 3d day of January, 1906, by the plaintiff, Olive Keith, to recover the property from Rose and Flood, the grantees of the purchaser at the tax sale, and inasmuch as the two actions involved the same questions, they were consolidated and heard together. The court below made findings of fact and conclusions of law, and from the judg-

ment on these findings and conclusions in favor of the plain-
tiff, the present appeal is prosecuted.

The appellants challenge the validity of the respondent's
title to the property in controversy on a great many grounds,
but in view of the conclusion we have arrived at on one of
the grounds thus presented, a consideration of the others
becomes immaterial. The tax judgments and tax deeds un-
der which the appellants claim are fair upon their face, each
of the judgments containing the recital, "That summons and
notice have been duly served in this proceeding as required
by the statutes of this state, and such statutes complied with
in all other respects pertaining thereto," and unless the ap-
pellants are bound by the subsequent orders vacating the
tax judgments, the tax title must prevail.

In *Ryno v. Snider*, 49 Wash. 421, 95 Pac. 644, it was held
that an order vacating a tax judgment, without notice to the
purchaser at the tax sale, was void, and a similar ruling was
made in *Pierce County v. Bunch*, 49 Wash. 599, 96 Pac. 164.
The respondent contends that these cases are not controlling
here, for the reason that in the cases cited the purchaser at
the tax sale was not a party to the action. This difference
no doubt exists and, within certain limits, the distinction is
a material and important one. In *Singly v. Warren*, 18
Wash. 434, 51 Pac. 1066, 63 Am. St. 896, we held that the
grantee of a judgment creditor, who purchased the property
of the judgment debtor at execution sale, did not occupy the
position of an innocent purchaser in good faith, and acquired
no greater right by a conveyance from the judgment creditor
than the latter had. In other words, the grantee of a judg-
ment creditor takes the property subject to the risks inci-
dent to the litigation, and is bound by the final outcome of
the action. If the judgment is reversed on appeal or error,
or is vacated on motion within the year allowed by law, the
reversal or vacation defeats the title of the judgment creditor
or his grantee. To this extent, and within these limits, we
are of opinion that the judgment creditor and his attorney

represent the grantee of the judgment creditor, and, in the absence of fraud or collusion, the latter is bound by judgments or orders made in the cause, although not a party to the proceedings. But in the nature of things, a time must come when a purchaser of property is not represented by his grantor, and is not bound by judicial proceedings to which he is not a party and of which he has no notice, and that time arrives when the judgment becomes final under the law and is no longer subject to reversal on appeal or vacation on motion. Any other rule would be intolerable. No person would purchase property which had passed through an execution or judicial sale if his title might be divested years afterwards in a proceeding to which he was not a party and of which he had no notice.

Proceedings to vacate a judgment must be instituted under either section 303 or section 464, Rem. & Bal. Code. Under section 303 as originally enacted (Code of 1881, § 109), the application had to be made within a reasonable time, not exceeding five months after the expiration of the term. Terms of court were abolished by the constitution, and the limit with reference to the term was left out of the amendment of February 26, 1891, Laws of 1891, p. 106 (Rem. & Bal. Code, § 303), but the legislature did not thereby intend that such motions should be entertained at any time after judgment. Section 466, Rem. & Bal. Code, fixes the extreme limit beyond which judgments cannot be vacated on motion at one year, and such has been the limitation uniformly applied by this law. *Greene v. Williams*, 13 Wash. 674, 43 Pac. 938; *Denton v. Merchants' Nat. Bank*, 18 Wash. 387, 51 Pac. 473; *Boston Nat. Bank v. Hammond*, 21 Wash. 158, 57 Pac. 365; *Twigg v. James*, 37 Wash. 434, 79 Pac. 959; *Scott v. Hanford*, 37 Wash. 5, 79 Pac. 481.

This limitation may not apply to judgments which are void on their face, but it does, in our opinion, fix a limit beyond which a purchaser of property is not bound by judicial proceedings to which he is not a party. Believing, there-

fore, that the orders vacating the tax judgments are null and void as against the appellants, the tax judgments and tax deeds constitute an absolute bar to the respondent's claim, and the judgment must be reversed with directions to dismiss the action.   It is so ordered.

DUNBAR, CROW, PARKER, and MOUNT, JJ., concur.