[No. 12588.   Department One.   March 12, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Pacific Loan & Investment Company, Limited, et al., Plaintiff,* v. THE SUPERIOR COURT FOR KITTITAS COUNTY, *Respondent.*[1]

PROHIBITION — TO COURTS — WHEN LIES — ADEQUACY OF APPEAL. After sale to the plaintiff, confirmation thereof, and expiration of the year for redemption, prohibition lies to prevent the vacation of a decree of foreclosure, sought on the ground that the decree was void for want of personal service of the summons and complaint; since there is no adequate remedy by appeal, inasmuch as, on a retrial of the foreclosure proceeding, the question of the validity of the order setting aside the decree could not be raised, and there is no appeal from an order vacating a judgment.

PROCESS—SERVICE—SUBSTITUTED SERVICE—"AT HOUSE"—STATUTES. A valid service of a summons and complaint is made upon a wife, in a matter affecting community property, by delivering a copy thereof for her to her husband, upon the community premises, and within thirty feet of the dwelling house, upon being informed by the husband that she was not at home; in view of Rem. & Bal. Code, § 226, authorizing such service by leaving a copy "at the house" of her usual abode, with a person of suitable age and discretion then resident therein.

JUDGMENTS—VACATION—LIMITATIONS. Proceedings to vacate a judgment by motion or by petition, under Rem. & Bal. Code, §§ 303, 464-466, are limited to one year after entry of the judgment, unless the judgment is void on its face for want of jurisdiction.

SAME—VACATION—JURISDICTION—DEFECT IN SERVICE. A judgment is not void on its face, so that it may be attacked at any time, where the alleged defect in service of process does not appear in the record, and a showing outside the record is necessary.

JUDGMENTS—BY DEFAULT—VACATION. A default judgment cannot be vacated on petition, unless facts are alleged constituting a good defense to the action, as required by Rem. & Bal. Code, § 467.

Application filed in the supreme court January 13, 1915, for a writ of prohibition to the superior court for Kittitas county, Kauffman, J., to prevent the signing of an order vacating a judgment.   Writ granted.

[1]Reported in 146 Pac. 834.

*Bogle, Graves, Merritt & Bogle* and *John H. McDaniels,* for petitioners.

*Parker & Holden* and *Pruyn & Hoeffler,* for respondent.

MOUNT, J.—This is an original application for a writ of prohibition, or in the alternative, for a writ of review.

It appears from the record and briefs on file that on April 20, 1913, the Pacific Loan & Investment Company, Limited, commenced an action in the superior court for Kittitas county to foreclose a mortgage upon certain real estate in that county. Thereafter, on the 29th day of April, 1913, the sheriff made a return of service as follows:

"I, B. H. German, sheriff of Kittitas county, state of Washington, do hereby certify that I have received the annexed summons on the 25th day of April, 1913, and after diligent search and inquiry I am unable to find Hannah Alice Mundy, she being a defendant named therein, at her usual place of abode, in my county; that I served said summons on said defendant on the 29th day of April, 1913, by delivering to and leaving with Charles I. Mundy, the husband of said defendant, at said defendant's residence and usual place of abode, he being a person of suitable age and discretion then resident therein, personally in said Kittitas county, a copy of said summons, and therewith a copy of the complaint in the action named in said summons."

Thereafter, on June 6, 1913, the defendants in the foreclosure suit failing to appear, an order of default was entered against them. This order of default recited that the defendants had been personally served and had failed to appear within the time required by law. Thereafter, on the 12th day of July, 1913, a decree of foreclosure was entered. The decree recited personal service upon the defendants. Thereafter, an execution under the decree was issued, and the mortgaged property was sold to satisfy the mortgage. The property was bid in by the plaintiff in the foreclosure suit. After the expiration of the year for redemption, the sale was confirmed. Subsequently a lease was made by the purchaser

to one W. H. McKee: The defendants refused to vacate the premises and a writ of assistance was issued and the tenant of the purchaser was placed in possession. Thereafter, Hannah Alice Mundy, one of the defendants in the foreclosure action, on the 17th day of November, 1914, filed a motion in that action to vacate the decree and to set aside the sale and all proceedings had under the decree. This motion was based upon the ground that the court had no jurisdiction of Hannah Alice Mundy, by reason of the fact that the summons and complaint were not served upon her personally. This motion was supported by affidavits to the effect that the officer who made the service of the summons and complaint did not serve the defendant Hannah Alice Mundy personally, but left a copy of the summons and complaint with her husband at some distance from the dwelling house where the defendant then was. These affidavits were controverted by the officer who made the service. This officer made an affidavit to the effect that, at the time the service was made, he went to within thirty feet of the door of the dwelling house of the defendants and was there met by the defendant Charles I. Mundy, who is the husband of Hannah Alice Mundy, and Mr. Mundy stated to the officer that Mrs. Mundy was away from the house and that the officer could leave the summons and complaint for her with Mr. Mundy and that he would deliver the copies to his wife. The trial court made the following findings of fact upon this motion:

"That on the 29th day of April, 1913, Howard Garrison, a deputy sheriff of the county of Kittitas, went to the farm or ranch then occupied by the defendants Charles I. Mundy and Hannah Alice Mundy as their home and residence, about five miles west of Ellensburg (being the mortgaged premises described in the complaint, proceedings and judgment in the above entitled principal action, and upon which premises the house of usual abode of said Charles I. Mundy and Hannah Alice Mundy was situate), for the purpose of serving the summons in said action upon the defendant Hannah Alice Mundy.

"That the said deputy sheriff, after entering upon said premises, and while upon said premises, was met by the defendant, Charles I. Mundy, husband of Hannah Alice Mundy, who thereupon informed the said deputy sheriff that the said Hannah Alice Mundy was not at home, and that she was then absent from said premises. The said deputy sheriff thereupon delivered to and left with the said Charles I. Mundy, for the said Hannah Alice Mundy, a copy of said summons, together with a copy of the complaint in said action. That the said Charles I. Mundy was then and there a person of suitable age and discretion then resident in the house of the usual abode of said Hannah Alice Mundy.

"That the statement contained in the affidavit of Charles I. Mundy, to the effect that it was previously or at any time arranged and agreed between the said Charles I. Mundy and the said deputy sheriff, Howard Garrison, that the summons and complaint in said action should not be served upon Hannah Alice Mundy personally, is untrue. On the contrary, the court finds that the said Howard Garrison proceeded at all times in good faith in undertaking to serve said summons upon the said Hannah Alice Mundy, and that his statements of fact, contained in his affidavit herein, are entitled to credit.

"That at the time of the entry of the judgment herein sought to be vacated, the defendants Charles I. Mundy and Hannah Alice Mundy were in the occupancy of said mortgaged premises, and claimed the same as their homestead, and on the 23d day of August, 1913, the said Charles I. Mundy duly executed and filed of record his declaration of homestead, covering said premises, according to the laws of Washington.

"That in the face of the conflicting statements contained in the affidavits that have been filed and presented in support of and against the motion to vacate the judgment and proceedings heretofore entered herein, the court declines to make any finding as to just where, on the said Mundy premises, and in respect to the house of the usual abode of said Hannah Alice Mundy, the said deputy sheriff delivered to and left with the said Charles I. Mundy, the copy of the summons and complaint in said action, for said Hannah Alice Mundy.

"But accepting the statements of the said deputy sheriff Howard Garrison, contained in his affidavits as true, the court concludes as matters of law:

"That the copy of the summons and complaint in the said principal action, by the said deputy sheriff so delivered to and left with the said Charles I. Mundy for the said Hannah Alice Mundy, was not left with the said Charles I. Mundy at the house of the usual abode of the said Hannah Alice Mundy; and that the acts of the said deputy sheriff in that behalf were insufficient to constitute a service of said summons upon said Hannah Alice Mundy.

"That the said motion of the defendant Hannah Alice Mundy should be granted, and the findings of fact, conclusions of law, judgment and decree, heretofore and to wit, dated July 12, 1913, and entered July 14, 1913, and the sale made thereunder, and the order confirming said sale, as against her should be vacated and set aside."

The court thereafter refused to enter a formal order until an application could be made to this court for the writ prayed for herein.

It is argued by the respondent that the writ should not issue in this case because the court is not acting without or in excess of its jurisdiction, and because there is a remedy by appeal. A number of cases from this court are cited to the effect that an extraordinary writ of this kind will not issue in a case where there is a remedy by appeal, notwithstanding the court may be acting in excess of or without jurisdiction. We are satisfied that this is a proper case for the issuance of the writ because there appears to be no adequate remedy by appeal. If the decree in foreclosure is vacated and the subsequent sale is set aside, there appears to be no adequate relief to the relators. It is difficult to see how, upon a retrial of the foreclosure proceedings, the question of the validity of the court's order setting aside the decree could be raised upon appeal from a final judgment which may hereafter be rendered in the case. At any rate, it is apparent from the proceedings which have been already had in the case that appeal will neither be speedy nor adequate.

From the statement of the case above, it will be noticed that more than one year elapsed from the entry of the judgment until the motion to vacate was filed. In the case

of *State ex rel. Boyle v. Superior Court*, 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724, where a judgment was entered in January, 1894, which recited that the defendants therein were duly served with a copy of the summons and complaint and had failed to appear within the time prescribed by law, and where on the 25th day of February, 1898, or four years after the entry of the judgment, the defendants appeared and moved to vacate the judgment for the reason that there was no proof of the service of process, this court issued a writ prohibiting the trial court from vacating the decree. That case is clearly authority for issuing the writ in this case. In *State ex rel. Twigg v. Superior Court*, 34 Wash. 643, 76 Pac. 282, we denied a writ of prohibition in a case where the trial court threatened to vacate that part of a decree which provided for a deficiency judgment. We denied the writ in that case solely upon the ground that the injured party had a remedy by appeal. This court has held that there is no appeal from an order vacating a judgment. *Nelson v. Denny*, 26 Wash. 327, 67 Pac. 78; *State ex rel. Harris v. Superior Court*, 34 Wash. 248, 75 Pac. 809.

The respondent also contends that the lower court has jurisdiction to vacate the decree. The decree is regular upon its face; it recites personal service upon the defendants; the sheriff's return of service upon the defendant, Hanna Alice Mundy, recited that it was made by delivering a copy of the summons and complaint to her husband at her residence and usual place of abode; and that she was absent therefrom. This is personal service under the terms of the statute which provides at Rem. & Bal. Code, § 226 (P. C. 81 § 143-5):

"The summons shall be served by delivering a copy thereof, as follows:   .   .   .

"12.   .   .   .   to the defendant personally, or by leaving a copy of the summons at the house of his usual abode with some person of suitable age and discretion then resident therein. Service made in the modes provided in this section shall be taken and held to be personal service."

It is conceded that the debt upon which the foreclosure was based was a community debt and the property mortgaged was community property. It is not claimed by the respondent that the place at which the service was made was not the residence and usual place of abode of the defendants, or that the service was not made upon a person resident therein of suitable age and discretion. No fraud is charged against the plaintiff in foreclosure or the officer making the service. It is only claimed that the service was not made *at the house*. The court in its findings set forth above concludes that the service was not made *at the house*, but finds, in substance, that the service was made within the dooryard, within 30 feet of the door of the house, for the statement of the officer is accepted as true.

The respondent relies principally upon the case of *Kibbe v. Benson*, 17 Wall. 624, where it was held that a service made 125 feet from the dwelling house, and not within any of the adjoining buildings or outhouses, was not a sufficient service. In that case the court said:

"Some latitude was, no doubt, intended to be given by this statute. It is not required that the paper shall be delivered to a person who is in the house at the time of such delivery. It may be delivered to one who is at the dwelling-house merely. This expresses the idea of nearness of place, and is less definite than if it had been said, in the house or on the house. To say that one is at home, may mean that he is in the town or city of his residence, or it may mean that he is upon his grounds or in his house.

"The intended effect of this expression is illustrated by the other portion of the provision, which forbids (by implication) the delivery of the paper to one who is not of the age of ten years or upwards. If delivered to a young child, there would not be that probability of its delivery to the defendant in the suit, which might be expected if it was left with one understanding the necessity of its delivery to the person for whom it was intended. Both the person upon whom, and the place where, service may thus be made, are intended to secure a delivery to the party interested. It is not unreasonable to require that it should be delivered on the steps or on a portico,

or in some out-house adjoining to or immediately connected
with the family mansion, where, if dropped or left, it would
be likely to reach its destination. A distance of one hundred
and twenty-five feet and in the corner of the yard is not a
compliance with this requirement."

We are satisfied that if we should adopt the reason for the
rule there stated, the service in this case was sufficient. It is
shown that Mrs. Mundy was not at home when the officer
called to serve the summons and complaint. At any rate the
sheriff was informed that she was not at home. He was so
informed by her husband, who met the officer within about 30
feet of the door of the house, and was told by her husband to
leave the summons and complaint with him for his wife. We
are satisfied that this was a sufficient personal service upon
the wife. It could not reasonably be claimed that it was the
duty of the officer to insist that the husband should go into
the house in order that the officer might hand the summons
and complaint to him. Or if the husband refused, it was
certainly not the duty of the officer to himself go into the
house and wait until the husband might come into the house.
It was clearly sufficient and reasonable to leave the summons
and complaint at that place with the husband, who was a com-
munity owner of the real estate against which the foreclosure
was being made. The husband was a proper person with
whom to leave the complaint and summons as they were left
in this case.

It is insisted by the relators that the court is without power
to vacate the judgment after the expiration of a year, upon
the conceded facts in the case. We think there can be no
doubt upon this question. The statute provides, at Rem. &
Bal. Code, § 464 (P. C. 81 § 1163), that the superior court
in which a judgment has been rendered, or by which or the
judge of which a final order has been made, shall have power
to vacate or modify such judgment or order, for mistakes,
neglect, or omission of the clerk, or irregularity in obtaining
the judgment or order, or for fraud practiced by the suc-

cessful party in obtaining the judgment or order. And § 467 provides that the proceedings to obtain the benefit of the above provisions shall be by petition verified by affidavit setting forth the judgment or order, the facts or errors constituting a cause to vacate or modify it, and if the party is a defendant, the facts constituting a defense to the action; and such proceedings must be commenced within one year after the judgment or order was made. This court has many times held that this remedy is exclusive in cases like the one under consideration. In *Keith v. Rose,* 59 Wash. 197, 109 Pac. 810, we said:

"Proceedings to vacate a judgment must be instituted under either section 303 or section 464, Rem. & Bal. Code. Under section 303 as originally enacted (Code of 1881, § 109), the application had to be made within a reasonable time, not exceeding five months after the expiration of the term. Terms of court were abolished by the constitution, and the limit with reference to the term was left out of the amendment of February 26, 1891, Laws of 1891, p. 106 (Rem. & Bal. Code, § 303), but the legislature did not thereby intend that such motions should be entertained at any time after judgment. Section 466, Rem. & Bal. Code, fixes the extreme limit beyond which judgments cannot be vacated on motion at one year, and such has been the limitation uniformly applied by this court. *Greene v. Williams,* 13 Wash. 674, 43 Pac. 938; *Denton v. Merchants' Nat. Bank,* 18 Wash. 387, 51 Pac. 473; *Boston Nat. Bank v. Hammond,* 21 Wash. 158, 57 Pac. 365; *Twigg v. James,* 37 Wash. 434, 79 Pac. 959; *Scott v. Hanford,* 37 Wash. 5, 79 Pac. 481.

"This limitation may not apply to judgments which are void on their face, but it does, in our opinion, fix a limit beyond which a purchaser of property is not bound by judicial proceedings to which he is not a party."

The respondent insists that the motion was filed under the provisions of Rem. & Bal. Code, § 303 (P. C. 81 § 295), referred to in the foregoing quotation. If so, the motion was clearly too late under that section. It was also too late under § 464 (P. C. 81 § 1163). It is true this court has said, in cases where a judgment is void upon its face, that it might be

attacked at any time. But this rule does not apply where a showing outside the record is necessary to render a decree or judgment void.

The respondent relies upon the case of *Dane v. Daniel*, 28 Wash. 155, 68 Pac. 446. It was said in that case that:

"It is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time. 1 Freeman, Judgments, § 98, and cases cited. The mere service on one spouse does not give the court jurisdiction over the community. *Powell v. Nolan, supra* [27 Wash. 318, 67 Pac. 712]. The contention of the appellants, that want of jurisdiction must appear from an inspection of the record, and cannot be brought to the attention of the court *dehors* the record, is not sustained by the authorities, and we see no good reasons for so holding, because the motion to set aside a judgment is a direct attack upon the judgment."

This was said in a case where the attack was made within the time allowed. We did not intend in that case to hold that a judgment regular in law or regular upon its face may be attacked at any time. All that was said there was said with reference to that particular case. In the case of *Scott v. Hanford*, 37 Wash. 5, 79 Pac. 481, we said:

"Where it appears on the face of the record that no service has been made on the defendant, and the court must know, from a bare inspection thereof, that the judgment is void for want of jurisdiction over the person of the defendant, it will set aside the judgment, on the motion of the defendant or of any one injuriously affected by it; but, when the judgment is valid on its face, it is not thus subject to attack. To set aside a judgment for matters *de hors* the record, it must be attacked by some one of the statutory methods for the vacation of judgments, and within the time limited by statute, or by a suit setting up some equitable ground for its vacation."

See, also, *Twigg v. James*, 37 Wash. 434, 79 Pac. 959, *Keith v. Rose,* and *State ex rel. Boyle v. Superior Court, supra.*

We are satisfied, therefore, that the court had no jurisdiction to entertain the motion, for the reason that the time

had elapsed when the judgment could be attacked. It is not claimed by the respondent that Mrs. Mundy has any defense to the action in foreclosure. It was necessary under the statute that this fact should have been stated before the court would be authorized in any proceeding to set aside the judgment and decree. The statute expressly so provides; and this is the general rule in equity. *Gregory v. Ford,* 14 Cal. 138, 73 Am. Dec. 639; *Miedreich v. Lauenstein,* 232 U. S. 236. We are satisfied that the court was acting without jurisdiction and erroneously, and that there is no adequate remedy by appeal. The writ is therefore directed to issue as prayed for.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.

CHADWICK, J. (concurring)—If I read this case right, it declares the rule I contended for in my dissenting opinion in the case of *State ex rel. Langley v. Superior Court,* 73 Wash. 110, 131 Pac. 482. I therefore concur.