[No. 2997.  Decided May 9, 1899.]

BOSTON NATIONAL BANK OF SEATTLE, *Respondent*, v.
H. R. HAMMOND *et al., Appellants.*

VACATION OF JUDGMENT—TIME.

There is no limitation as to time upon an action to set aside a judgment which is absolutely void for want of jurisdiction in the court to make it.

COURTS—JURISDICTION IN INSOLVENCY—DISCHARGE OF DEBTOR.

Where the superior court has acquired jurisdiction in insolv-

ency proceedings through the act of the insolvent in making an assignment for the benefit of creditors and by the operation of the law thereon, and by the giving of the statutory notices to the creditors of the insolvent, its jurisdiction to discharge the insolvent from his debts and liabilities is not lost because the assignee has been finally discharged, and 50 per cent. of the insolvent's indebtedness over and above all expenses of the assignment were not realized from the insolvent estate.

SAME—EFFECT OF ERRONEOUS DECISION.

Jurisdiction of a court which has jurisdiction of both the subject-matter and of all the parties is not lost nor affected by the character of the decision the court may make upon any proposition before it.

ESTOPPEL—BY PREVIOUS INCONSISTENT ACTS.

A creditor who has appeared in insolvency proceedings and has accepted a dividend under the assignment cannot be heard to impeach the discharge of the insolvents from their debts and liabilities.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*Ira Bronson,* for appellants.

*Clise & King,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—On February 19, 1892, H. R. Hammond and Charles K. Hammond, copartners doing business under the firm name and style of H. R. Hammond & Co., made their general deed of assignment for the benefit of all their creditors, in pursuance of the statutes relating to insolvent debtors, to one Laramie Mayer. Said assignee duly published notice of his appointment, and therein requested the creditors of the said insolvent debtors to present their respective claims to him as such assignee. The Boston National Bank was one of such creditors, and it presented its claim to said assignee, proved the same in accordance with the statute, and subsequently received

dividends from the assignee. Thereafter, and on November 18, 1893, the said H. R. Hammond and Charles K. Hammond duly filed their petition in the superior court of King county for discharge from all debts and liabilities existing at the time of making the deed of assignment. This petition was served upon the assignee, Laramie Mayer, and a hearing thereon was set down for November 25, 1893, at which time both the Hammonds and the assignee, Mayer, appeared, but said hearing was continued from time to time until July 12, 1894, when the said application was granted and the Hammonds were, by order of the court, discharged from all of their debts and liabilities. Prior to that time, however, and on July 12, 1894, the assignee, Mayer, having filed his report, was discharged as assignee and his bondsmen released. On November 3, 1897, the Boston National Bank petitioned said superior court to set aside the order discharging the said Hammonds on the ground that the estate of the insolvents had not paid fifty per cent. of their liabilities, as required by law, and that the court was therefore without jurisdiction to make the order discharging them. The said Hammonds demurred to the petition on the grounds that the court was without jurisdiction to grant the relief prayed for, and that the petition did not state facts sufficient to entitle the petitioner to the relief demanded. This demurrer was overruled by the court and an exception duly taken. Thereafter an answer was filed by said Hammonds to the petition of the bank setting up the assignment of the Hammonds, the proceedings of the court thereunder, and that the Boston National Bank had presented its claim and received dividends thereon, and asking that the petition be dismissed. To this answer the petitioner demurred, and the demurrer was sustained by the court; and, the Hammonds having declined to plead further, the prayer of the petitioner was granted and the order of

discharge was set aside.    These several rulings of the
superior court are assigned as error.

The principal contention of the appellants in this case
is that the court below was without power to interfere
with, or set aside, the order of July 12, 1894, for the
reason that the applicatioin was not made within the time
prescribed by law.    The statute providing for the modifi-
cation or vacation of judgments in courts in which they
were rendered provides that, for certain specified causes,
judgments may be mòdified or vacated, and these causes
are set forth in 2 Hill's Code, § 1393 (Bal. Code, § 5153).
But the petition in this case failed to set forth any of the
causes therein specified.    But, waiving this objection for
the present, it would seem manifest that the court exceeded
its power in the premises by reason of the express pro-
vision·of the statute that proceedings of this character
must be commenced within one year after the judgment
or order complained of is made, unless the party entitled
thereto be a minor, or a person of unsound mind, and then
within one year from the removal of such disability.
2 Hill's Code, § 1395 (Bal. Code, § 5156).    But the re-
spondent insists that its right to petition was not barred
by the statute, for the alleged reason that the order com-
plained of was null and void for want of·jurisdiction in
the superior court to make it.    If the premises of the
learned counsel for the respondent are true, their conclu-
sion is undoubtedly correct, for, as a general rule, a judg-
ment which is absolutely void may be attacked at any
time.    And the question then is, did the superior court
have jurisdiction to make the order discharging the said
insolvents from their debts and liabilities, under the
statute?    It seems beyond question that the superior court
had jurisdiction of the subject matter involved in this
proceeding, for jurisdiction is conferred upon the superior

courts in this state in matters of insolvency by the state constitution. Constitution, art. 4, § 6. The court obtained jurisdiction of this particular case by the act of the insolvents in making their assignment, and by the operation of the law thereon; and it obtained jurisdiction of the persons of the creditors of the insolvents by the notices required by statute to be given, and which, it is admitted, were given in this particular instance. *Cosh-Murray Co. v. Bothell,* 10 Wash. 314 (38 Pac. 1118). Having acquired jurisdiction, the court, under all of the authorities, had a right to determine all of the questions properly presented to it for determination. The reasons alleged why the court was without jurisdiction seem to be based upon the fact that the order of discharge was entered after the assignee had been finally discharged by the court, and that it was admitted by the appellants, because not denied in their answer, that fifty per cent. of their indebtedness over and above all expenses of the assignment had not been realized from their estate.

According to the contention of the learned counsel for the respondent, the jurisdiction of the court, in a given case, may be made to depend upon the legality of its decisions; but this is certainly not the law. Where a court has jurisdiction of the subject matter of the action or proceeding and of all the parties, that jurisdiction is neither lost nor in any way affected by the character of the decision the court may make upon any proposition before it. It would seem plain that a court having undoubted jurisdiction will not lose such jurisdiction by arriving at a wrong conclusion; in other words, a court has jurisdiction to decide according to its judgment, whether that decision be correct or otherwise. If, therefore, in this case, the appellants were not entitled to a discharge as matter of law, although the court in fact granted a discharge, the act of the court was erroneous; but it cannot be said that it was without

its jurisdiction. If the order had been appealed from, the objection now made would have been sufficient ground for reversal, but not for the reason that the court was without jurisdiction.

It appears, as we have already stated, that the respondent appeared in the insolvency proceedings and accepted a dividend under the assignment, and that is another reason why it cannot now be heard to impeach the discharge. *Cerf, Schloss & Co. v. Wallace,* 14 Wash. 249 (44 Pac. 264); Bishop, Insolvent Debtors, § 55, and authorities cited.

We are unable to perceive any force in the contention that the court lost jurisdiction to make the order discharging the appellants after the discharge of the assignee. The appellant had ample opportunity to object to the petition for discharge, and was served with notice thereof in due time, and at no time seems to have interposed any objection thereto. If it was not informed as to the particular time at which the order was made, it was probably on account of its own negligence or inattention. The statute does not provide for the giving of any further notice than that which was given.

The order and judgment of the court below are reversed, and the petition of the respondent dismissed.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.