[No. 9722.   Department One.   March 18, 1912.]

CHARLES BRUHN et al., *Respondents*, v. PASCO LAND COMPANY et al., *Appellants*.[1]

JUDGMENT—DEFAULT JUDGMENTS—VACATION — LIMITATIONS — RE-COVERY OF REAL PROPERTY—STATUTES—CONSTRUCTION.   In view of Rem. & Bal. Code, § 705, providing that any person having a valid interest in real property and a right to the possession thereof may recover the same by action in the proper county, and may have judgment in such action quieting or removing a cloud from the title, and § 809, authorizing an action to quiet title without including specific relief for the recovery of possession, the provision of § 806, authorizing the vacation of a default judgment in actions to recover possession of real property, where service was by publication, at any time within two years after entry of judgment, has no application to a judgment in an action to quiet title to vacant and unoccupied land the title to which was alleged to be in the plaintiffs, the complaint not seeking recovery of possession, but only the adjudication of adverse claims made by the defendants; since actions to quiet title and to recover possession are not essentially the same under our statutes.

SAME—VACATION FOR FRAUD—LIMITATIONS.   A petition to vacate a judgment for fraud, under Rem. & Bal. Code, § 464, where there was no personal service on the defendant, under Id., § 235, is limited to one year after entry of the judgment, and cannot be entertained after that time, although an independent suit in equity to vacate for fraud might be maintained after the expiration of two years.

Appeal from an order of the superior court for Franklin county, Pendergast, J., entered April 25, 1911, refusing to vacate a default judgment, upon sustaining a demurrer to the petition.   Affirmed.

[1]Reported in 121 Pac. 981.

*Horrigan, Coad, Driscoll & Leonard* and *C. M. O'Brien,* for appellants.

*Engelhart & Rigg* (*Paul Holbrook,* of counsel), for respondents.

FULLERTON, J.—On April 10, 1907, Charles Bruhn and Pauline Bruhn, his wife, began an action against C. E. Mayne and Zilla Mayne, and others, to quiet title to certain real property, situated in Franklin county. In the complaint, the plaintiffs alleged that they were the owners in fee of the property described, and that the defendants claimed an estate or interest therein adverse to the plaintiffs, which claims were without right or validity and constituted a cloud upon the title of the plaintiffs. In the prayer for relief, they asked that the defendants be required to set forth the nature of their claims to the property, that these claims be adjudged and decreed to be without validity, that the title of the plaintiffs be quieted, that the defendants be forever enjoined and debarred from asserting any claim to the property described adverse to the plaintiffs, and that the plaintiffs have such other and further relief as to the court should seem meet and equitable.

The defendants Mayne and wife were without the jurisdiction of the court, and service of summons upon them was made by publication. The defendants did not appear in the action, and on November 5, 1907, a judgment and decree was entered against them in accordance with the prayer of the complaint. The complaint was silent concerning the possession of the property, but it was recited in the decree that the property was vacant and unoccupied.

On August 18, 1909, more than one year after the judgment had been entered, but less than two years thereafter, the present appellants, William Loewi and Josephine Loewi, as the successors in interest of C. E. Mayne and wife, petitioned the superior court of Franklin county to vacate the decree, to substitute the petitioners as parties defendant in

the place of Mayne and wife, and allow them to appear and defend the action. The petition set forth facts sufficient to constitute a defense to the action, and facts tending to excuse the failure of their predecessors in interest to appear and defend in the original action within the sixty-day period limited by the statutes.

To the petition, the plaintiffs demurred on the ground, among others, that it was not made within the time limited by law. The trial judge sustained the demurrer on the ground stated, and after the petitioner had refused to plead further, entered an order dismissing the petition. This appeal is from the order so entered.

The general statutes relating to the vacation and modification of judgments (Rem. & Bal. Code, § 464 *et seq.*), and the general statute relating to the vacation of judgments when there has been no personal service of the summons on the judgment obligors within the jurisdiction of the court (Id., § 235), limit the time within which an application can be made to vacate a judgment for the causes therein set forth to one year after the rendition of the judgment. These statutes comprise all of the statutory grounds for the vacation of judgments except in a single class of cases, namely, actions to recover possession of real property where the service is by publication and judgment given for failure to answer. By § 806 of the code it is provided that in such actions and in such cases, the defendant, or his successor in interest, shall be entitled, upon application made at any time within two years from the rendition of the judgment and the payment of the costs of the action, to an order vacating the judgment and granting him a new trial. The appellants contend that the action in question was an action to recover possession of real property, and hence subject to the special rule applicable to such actions. Whether it is such an action or not is the sole question presented on this appeal.

That the action is ostensibly an action to quiet title to real property, rather than one to recover the possession

thereof, is made clear by an examination of the allegations of the complaint and the prayer for the relief sought, the substance of which we have hereinbefore set out. It is evident, also, that the appellants did not need to resort to the courts to obtain possession of the property. It was at that time vacant and unoccupied, and was subject to be taken into physical possession by mere occupancy on their part. But there were adverse claims to the property which the plaintiffs desired to remove, and the question is, could they do so without bringing an action to recover possession, within the meaning of § 806 of the code above cited. In other words, is there a distinction between an action to recover possession of real property, and an action to quiet title to real property. We think there is, and that this distinction is pointed out in the statutes themselves.

By § 705 of the code (Rem. & Bal.), it is provided that any person "having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county," and "may have judgment in such action quieting or removing a cloud from plaintiff's title." The fact that the two forms of relief are specially provided for shows that, in the minds of the lawmaker, the one did not include the other. Then again, by § 809 of the code, it is provided that any person in possession by himself or by his tenant of real property, or when such real property is not in the actual possession of any one, may maintain a civil action against any person claiming any interest therein for the purpose of determining such claim or interest. This, we think, likewise authorizes an action to be brought to remove a cloud from, or to quiet title to, real property without including therein the specific relief of a recovery of the possession of such property. We have not overlooked the contention that this latter section applies only to these cases where the plaintiff is claiming title under a patent from the United States, and that the plaintiffs in the case at bar did not so claim in their

complaint. But this clause of the statute means nothing more than that the title to the land must have passed from the government of the United States by patent in order that the claimant may maintain such an action, not that the claimant must be the very person to whom the patent was issued. It is true, also, that the plaintiffs did not specifically allege that they claimed title to the specific property under patent from the United States, but they did allege that they were the owners of the same in fee, which sufficiently complies with the requirements, especially against an objection made for the first time after judgment.

Again it is said that the action to quiet title is essentially an action to recover possession, and that this court has heretofore so held. *Brown v. Baldwin*, 46 Wash. 106, 89 Pac. 483, *Carlson v. Curran*, 48 Wash. 249, 93 Pac. 315, and *Garvey v. Garvey*, 52 Wash. 516, 101 Pac. 45, are cited as maintaining the position; but we think the appellants have misunderstood these cases. In the first of the cited cases, we are unable to find anything which touches upon the question here at issue. The case is too long to be even epitomized here, but the principle announced was that an action of equitable cognizance would lie in the first instance to recover possession and quiet title to real property when the right to recover was based on equitable principles, and that there was no necessity to resort to the common law action of ejectment in such cases, overruling *Spithill v. Jones*, 3 Wash. 290, 28 Pac. 531, and other cases holding the contrary doctrine; it was not held that an action to quiet title was essentially an action to recover the possession of real property. In the second case, the doctrine of *Brown v. Baldwin, supra*, was affirmed. The third case contains language that, when dissociated from the facts of the case, seems to support the appellants' contention. But that was an action brought by one out of possession against one in possession to cancel and set aside certain deeds which appeared as clouds upon the appellant's title. The court said that the right of possession

was not in question; that the right depended upon the title and followed it; and that, in quieting title in the respondent, the court necessarily adjudicated the right of possession; hence, it was not error for the court to award possession in its decree.   But it was not said that all actions to quiet title were essentially actions to recover possession of real property; and from the nature of things they could not be, as witness the action brought by a person in possession of real property to quiet title thereto.   We conclude, therefore, that the petitioners were not entitled to have the judgment vacated as of right.

It is said, finally, that the judgment was obtained by the plaintiffs through fraud practiced upon the court, and that where fraud is alleged the court is not limited to one year in which to set aside a judgment.   But we think it is so limited where the application is made under the provisions of the statutes relating to the vacation of judgments.   The inquiry into the right to vacate is limited in this form of proceeding. The petition to vacate alone practically controls the issues; the statute providing that application to vacate judgments (except for certain specified causes of which fraud is not one) shall be by petition, that the petition shall be deemed denied without answer, and that the cause of the petition shall alone be tried.   To set aside a judgment on the ground of fraud after the statutory period has expired, where the fraud does not appear upon the face of the record, we think there must be an action in the nature of a suit in equity brought in the regular way in which the defendants shall have the opportunity to set up any and all such defenses as they may have.

The application to vacate was properly denied, and the order appealed from will stand affirmed.

Gose, Parker, and Mount, JJ., concur.