[No. 14523.   Department Two.   April 16, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Northern Pacific Railway Company, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *King Dykeman, Judge etc., Respondent.*[1]

JUDGMENT—VACATION—LIMITATIONS.   After the expiration of the time limited by law for the vacation or modification of judgments, the court has no power to entertain an application to correct a judgment and make it conform to the journal entry and the actual judgment ordered to be entered; the only relief for constructive fraud beyond the year being by suit in equity.

JUDGMENT—CONCLUSIVENESS—RES JUDICATA.   The denial of an application to modify a judgment, made after the expiration of the year limited for such applications, would not bar a suit in equity for relief on the ground of constructive fraud.

Application filed in the supreme court November 8, 1917, for a writ of prohibition to prevent the vacation of a judgment by the superior court of King county, Dykeman, J.   Granted.

*C. H. Winders,* for relator.

*R. S. Pierce,* for respondent.

CHADWICK, J.—A judgment was entered on the 26th day of September, 1916, in the case of Northern Pacific Railway Company v. Gottleib Weibel in the superior court for King county.   After a lapse of more than one year, application was made by counsel for Weibel to reopen the judgment and make it conform, as he contends, to an oral stipulation of the parties, which he insists is shown by the minute entry of the clerk made at the time.

The case was settled in court but without trial.   The minute entry is as follows:

[1] Reported in 172 Pac. 336.

"Counsel for parties stipulate in open court that a decree be entered awarding to plaintiff title of a strip of land six (6) feet wide adjoining the easterly rail of the plaintiff track and awarding the defendant the remainder of land in controversy."

A form of judgment was prepared by counsel for the Northern Pacific Railway Company. This judgment was "O. K.'d" by counsel for Weibel, and duly entered.

Counsel for respondent, who was counsel for Weibel at the time the judgment was entered, asserts that the property as agreed upon is not as described in the judgment; that he "O. K.'d" the judgment as prepared by counsel for relator assuming that it correctly stated the fact, and as it is evidenced by the minute entry of the clerk. The respondent court, being of the opinion that the judgment was erroneous in that it did not correctly describe the property, and did not in other respects conform to the oral stipulation which the parties had entered into, took the matter under advisement with the announcement that he would vacate and amend the judgment. Whereupon relator made application in this court for an original writ of prohibition.

Relator has demurred to respondent's answer, contending that the court is without jurisdiction to proceed under either § 303 or § 464 of the code. Respondent insists that the court "has inherent power independent of the statute to so modify its judgment entry as to make it conform to the judgment actually entered [rendered], at any time, when to do so will not affect the substantial rights of innocent third persons who have acted on the faith of the entry." *O'Bryan v. American Inv. & Imp. Co.*, 50 Wash. 371, 97 Pac. 241.

*Litzell v. Hart*, 96 Wash. 471, 165 Pac. 393, is cited.

In that case it is held that, when the original decree is not the decree actually rendered by the court, the court has inherent power to make it conform to the judgment actually rendered.

At common law, a court might, at any time during the term, modify or vacate a judgment to make it conform to the judgment actually rendered. After adjournment of the term, a court was powerless to protect itself from its own errors, or the parties from fraudulent interference in the procuring of judgments. In consequence of the hardships of the common law rule, statutes have been passed in many states providing for a definite time within which courts may vacate or modify judgments. In this state, this may be done by motion or petition, if the matter is called to the attention of the court within one year. *Seattle v. Krutz,* 78 Wash. 553, 139 Pac. 498; *State ex rel. Pacific Loan & Inv. Co. v. Superior Court,* 84 Wash. 392, 146 Pac. 834.

The grounds upon which a judgment may be vacated or modified are fixed by statute. These grounds, in so far as they affect the present proceeding, are ". . . mistake, inadvertence, surprise, or excusable neglect." Rem. Code, § 303.

But this statute was not ample to do justice in all cases, and consequently this court has held a party may, after the expiration of the time limited by law, file a bill in equity to relieve himself of a judgment where its enforcement would result in inequity. *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777; *Rowe v. Silbaugh,* 96 Wash. 138, 164 Pac. 923; *Denny-Renton Clay & Coal Co. v. Sartori,* 87 Wash. 545, 151 Pac. 1088. A bill in equity must, however, be founded upon some recognized doctrine of equity jurisprudence. The motion in the instant case, if considered at all, would have

to rest upon the ground of excusable neglect. This is a statutory ground. The application is not timely, and must be denied.

If the entry of the judgment under the circumstances as alleged by the moving party operated as a constructive fraud, the remedy, if any there be, is by bill in equity where witnesses may be called and the matter tried out as in an ordinary suit.

The broad statements of the law contained in the cases cited by respondent are correct if treated as abstract propositions. A court has inherent power to make its judgments conform to the truth, but it does not follow that the legislature may not fix a time beyond which a court may not exercise even an inherent power. Being so limited by statute, the court is without jurisdiction to proceed, either upon its own motion or the motion or petition of a litigant, to vacate a judgment after the expiration of a year. This holding is sustained not only by reference to the statute but by reasons of public policy. It tends to give finality to judgments and to bring litigation to an end. In the *O'Bryan* case the motion was made within the year. The *Litzell* case was an original proceeding, and can be sustained upon the ground, either, that it had been begun within the year, or that it was an original suit in equity.

If Weibel has any rights of which the court ought to take notice, his remedy is in equity. It was suggested in argument that, if this writ issues, Weibel will be barred of all remedy; that our order will be *res judicata*. But this does not follow. The court being without jurisdiction to hear the motion, a judgment would not bind him in a suit upon the merits. It is a rule of law and procedure that one who has mistaken his remedy, and who has not been called upon to affirm an issue of fact or law going to the merits of the case,

can assert his right to a remedy which the law will allow in a subsequent suit.

The writ will issue.

ELLIS, C. J., MOUNT, and HOLCOMB, JJ., concur.