[No. 18494.    Department Two.    October 30, 1924.]

J. R. NEVERS, *Respondent,* v. W. H. COCHRANE *et al., Appellants.*[1]

JUDGMENT (121) — VACATION — LIMITATIONS. After the lapse of one year a judgment cannot be vacated by motion or petition, on the ground that defendant had no notice, where the record recites an appearance by an attorney, but only by an independent bill in equity.

Appeal from an order of the superior court for Pend Oreille county, Carey, J., entered September 7, 1923, denying the vacation of a judgment, upon sustaining a demurrer to the motion to vacate. Affirmed.

*Chas. A. Gram,* for appellant.

*Tustin & Chandler,* for respondents.

[1]Reported in 229 Pac. 738.

PEMBERTON, J.—Judgment was entered against appellant Mabel Cochrane on the 22d day of September, 1921. On or about the 12th day of July, 1923, appellant filed a motion requesting that an order be entered setting aside and holding for naught the judgment entered against her, for the reason that the summons and complaint was not served upon her and no notice of any kind relative to the proceedings was given to her, although she was a resident of the state of Washington at all times mentioned in the complaint. The decree recites that the appellant appeared in the action by Neal C. Bradley, her attorney. From an order sustaining a demurrer to the motion to vacate the judgment, this appeal is taken.

Appellant relies principally upon the cases of *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446, and *Boston National Bank of Seattle v. Hammond,* 21 Wash. 158, 57 Pac. 365.

In the case of *Dane v. Daniel, supra,* we said:

"It is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time."

In the case of *Boston National Bank of Seattle v. Hammond, supra,* we said:

"If the premises of the learned counsel for the respondent are true, their conclusion is undoubtedly correct, for, as a general rule, a judgment which is absolutely void may be attacked at any time."

The record, however, shows that the appellant appeared by her attorney, and therefore the record shows on its face that the court had jurisdiction of appellant. The rule contended by appellant has been restricted by the more recent decisions of this court in the case of *State ex rel. Northern Pacific R. Co. v. Superior Court,* 101 Wash. 144, 172 Pac. 336, wherein we said:

"The broad statements of the law contained in the cases cited by respondent are correct if treated as abstract propositions. A court has inherent power to make its judgments conform to the truth, but it does not follow that the legislature may not fix a time beyond which a court may not exercise even an inherent power. Being so limited by statute, the court is without jurisdiction to proceed, either upon its own motion or the motion or petition of a litigant, to vacate a judgment after the expiration of a year. This holding is sustained not only by reference to the statute but by reasons of public policy. It tends to give finality to judgments and to bring litigation to an end."

A judgment may be vacated or modified by either motion or petition within one year after its entry upon the grounds provided by the statute. We said in the case of *State ex rel. Northern Pacific R. Co. v. Superior Court, supra*:

"But this statute was not ample to do justice in all cases, and consequently this court has held a party may, after the expiration of the time limited by law, file a bill in equity to relieve himself of a judgment where its enforcement would result in inequity. *Anderson v. Burgoyne*, 60 Wash. 511, 111 Pac. 777; *Rowe v. Silbaugh*, 96 Wash. 138, 164 Pac. 923; *Denny-Renton Clay & Coal Co. v. Sartori*, 87 Wash. 545, 151 Pac. 1088."

This motion not having been filed within the year, the demurrer was properly sustained.

The judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and MACKINTOSH, JJ., concur.