[No. 18755.  Department One.  January 10, 1925.]

SCOTTISH AMERICAN MORTGAGE COMPANY, LIMITED, *Respondent,* v. GEORGE STONE *et al., Appellants.*[1]

JUDGMENT (121)—VACATION—LIMITATIONS.  A motion to vacate a judgment for want of service of process must, under Rem. Comp. Stat., § 466, be made within one year.

Appeal from an order of the superior court for Spokane county, Oswald, J., entered January 24, 1924, refusing to vacate a judgment, upon sustaining a demurrer to the petition.  Affirmed.

*A. A. Clausen,* for appellants.

BRIDGES, J.—In this action, the plaintiff foreclosed a real estate mortgage against the defendants, caused the property to be sold; and, the year for redemption having expired, the sheriff's deed was made to the purchaser, who was the plaintiff.  Later the plaintiff asked for, and received from the court a writ of mandate to the sheriff, requiring him to put the plaintiff in possession of the purchased property.  Hazelton Stone, one of the defendants named in the action, and who was

[1]Reported in 232 Pac. 289.

in possession of the land, filed a motion asking the court to vacate the decree of foreclosure, for the reason that he had never been served with any process and that the decree, in so far as he was concerned, was a nullity. This motion was supported by affidavits. When the matter came on for hearing, the trial court sustained a demurrer to the motion to vacate and refused to hear it, and this appeal results.

The motion was filed under § 466, Rem. Comp. Stat. [P. C. § 8132]. At least appellant says that that section is controlling of the question, and it appears that such was the view of the trial court. It is as follows:

"The proceedings to vacate or modify a judgment or order for mistakes or omissions of the clerk or irregularity in obtaining the judgment or order, shall be by motion served on the adverse party, or his attorney in the action, and within one year."

The appellant contends that this statute means that one may, by motion, seek to set aside and vacate a judgment within one year ·after learning of the facts ·constituting the mistake or omission of the clerk or irregularity in obtaining the judgment, and not one year after the entry thereof. We cannot follow appellant's argument in this regard. If one files a motion under this statute it must be done within one year from the date of entry of the judgment or decree. This statute .has been before us a great many times, and while the appellant's present contention does not appear to have been previously made, our opinions have always been written on the assumption that the year mentioned in the statute is to commence immediately following the entry of the judgment. This same question, under identical facts, was in the recent case of *Nevers v. Cochrane,* 131 Wash. 225, 229 Pac. 739, and we there held that the "motion not having been filed within the year, the demurrer was properly sustained."

This opinion was probably written after the taking of the appeal in this case. While it does not state that the motion to vacate was made within one year after discovery of the error or irregularity, yet that fact seems to have been conceded, because the record shows that the moving party there offered to prove this fact.

If one elects to follow the statutory method of vacating a judgment, he must comply with the statute and file his motion within one year from its entry.

Something is said in the briefs about an independent action in equity to set aside and vacate a judgment. This was not such a proceeding, but one strictly under the statute. Whether, under circumstances such as are alleged here, one may, after the expiration of one year following the entry of the judgment, successfully maintain an independent suit in equity to vacate the judgment is not before us and we will not discuss that question. Judgment affirmed.

MAIN, C. J., TOLMAN, MITCHELL, and PEMBERTON, JJ., concur.