[No. 36731. Department One. April 16, 1964.]

CORPORATE LOAN & SECURITY CO., INC., *Appellant*, v. SYDEL PETERSON *et al., Respondents.*[*]

*Reported in 391 P. (2d) 199.

*Karr, Tuttle, Campbell, Koch & Granberg,* for appellant.
*Jack Steinberg,* for respondent.

HILL, J.—This is an appeal from an order vacating a default judgment.

The default judgment vacated was entered February 21, 1961, against "Ebenezer First A.M.E. Zion Church, 1716-23rd Avenue, Seattle, Washington," as a garnishee defendant, for failure to answer a writ of garnishment. The motion to vacate was not filed until March 30, 1962.

The motion to vacate was not made within the year required by Rule 60.04W,[1] or by the statute, RCW 4.72.030,[2] which formerly governed the vacation of judgments.

The year limitation for such motions begins from the date of judgment and not from the time the moving party receives knowledge that the judgment has been entered. *Scottish American Mortgage Co., Ltd. v. Stone* (1925), 132 Wash. 487, 232 Pac. 289.

The trial court, in the present case, based its order vacating judgment on the fact that the writ of garnishment was never properly served on the garnishee-defendant. In

---

[1] "Procedure on vacation of judgment. In all cases in which it is provided by Rem. Rev. Stat., §§ 303, 464-473 [P.C. §§ 8336, 8130-8139], RCW §§ 4.32.240, 4.72.010-4.72.090, that the court may modify, vacate, or relieve a party from any order, judgment, decree, or other proceedings taken against him, application shall be made within one year after entry thereof . . .

"Except as modified by this rule, Rem. Rev. Stat., §§ 303, 464-473 [P.C. §§ 8336, 8130-8139], RCW §§ 4.32.240, 4.72.010-4.72.090, shall remain in full force and effect." Rule of Pleading, Practice and Procedure 60.04W.

[2] "Petition to vacate for certain causes—Time limitation. RCW 4.72-.010(2), (3), (4), (5), (6), and (7) shall be by petition verified by affidavit, setting forth the judgment or order, the facts or errors constituting a cause to vacate or modify it, and if the party is a defendant, the facts constituting a defense to the action; and such proceedings must be commenced within one year after the judgment or order was made, unless the party entitled thereto be a minor or person of unsound mind, and then within one year from the removal of such disability." RCW 4.72.030.

the *Scottish American Mortgage Co., Ltd.* case, *supra,* the motion was to vacate a judgment for want of service of process, and the court said:

"If one elects to follow the statutory method of vacating a judgment, he must comply with the statute and file his motion within one year from its entry." (p. 489)

Respondent (the garnishee-defendant), in an effort to support the order appealed from, suggests that perhaps RCW 4.28.200[3] is applicable.

■ This is, indeed, a frail reed and gives no support; as pointed out by Professor Trautman in his article "Vacation and Correction of Judgments in Washington" (1960), 35 Wash. L. Rev. 505, 527, "The statute is restricted to those instances in which service is by publication." And it has its own one year statute of limitations. In *Bruhn v. Pasco Land Co.* (1912), 67 Wash. 490, 121 Pac. 981, the second headnote accurately summarizes the holding:

" . . . A petition to vacate a judgment for fraud, under Rem. & Bal. Code, § 464, where there was no personal service on the defendant, under Id., § 235, is limited to one year after entry of the judgment, and cannot be entertained after that time, although an independent suit in equity to vacate for fraud might be maintained after the expiration of two years."

■ This does not preclude attacks by other procedures on judgments deemed to be void or procured through fraud. See *Nevers v. Cochrane* (1924), 131 Wash. 225, 229 Pac. 738; *State ex rel. Northern Pac. R. Co. v. Superior Court* (1918), 101 Wash. 144, 172 Pac. 336.

---

[3]"Right of one constructively served to appear and defend or reopen. If the summons is not served personally on the defendant in the cases provided in RCW 4.28.110 and 4.28.180, he or his representatives, on application and sufficient cause shown, at any time before judgment, shall be allowed to defend the action and, except in an action for divorce, the defendant or his representative may in like manner be allowed to defend after judgment, and within one year after the rendition of such judgment, on such terms as may be just; and if the defense is successful, and the judgment, or any part thereof, has been collected or otherwise enforced, such restitution may thereupon be compelled as the court directs."

244

As succinctly stated by Professor Trautman in his article, cited, *supra,*

" . . . After the elapse of a year the only remedy available for the vacation of a judgment is an independent action in equity or a collateral attack. . . ." (p. 519) See *State ex rel. Boyle v. Superior Court* (1898), 19 Wash. 128, 52 Pac. 1013.

It follows that the trial court erred in considering a motion (under Rule 60.04W) to vacate a judgment, which motion was filed more than a year after the entry of the judgment which it was sought to vacate.

The "Order Vacating Judgment," from which this appeal was taken, is set aside without prejudice to any other rights to attack the judgment which the respondent may have.

OTT, C. J., ROSELLINI, HUNTER, and HALE, JJ., concur.

\*Reported in 391 P. (2d) 194.