IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JOHN EARL ERICKSON and SHELLEY ANN ERICKSON, individuals, | ) ) ) | No. 81648-9-I |
| Appellants, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | UNPUBLISHED OPINION |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2006-4 | ) ) ) ) ) ) | |
| Respondent. | ) ) | |

HAZELRIGG, J. — John and Shelley Erickson appeal from a dismissal of their latest claims stemming from issues they have attempted to relitigate in various courts over many years. The Ericksons assert a number of claims under CR 60, including common-law fraud, fraud upon the court, lack of subject matter jurisdiction in a prior judgment, and breach of implied duty of good faith and fair dealing. Because the Ericksons seek affirmative relief not available under CR 60, seek relief more than one year after the judgment was entered, and bring claims barred by the doctrine of collateral estoppel, we affirm the trial court's dismissal.

FACTS[1]

John and Shelley Erickson used their home in Auburn, Washington, to secure a loan from Long Beach Mortgage Co.  The loan was sold into a pool of loans held in trust, with Deutsche Bank National Trust (Deutsche Bank)[2] serving as trustee.  Long Beach Mortgage Co. was part of Washington Mutual, Inc. until it failed.[3]  J.P. Morgan Chase (J.P. Morgan) purchased Washington Mutual, Inc.'s assets.

In 2009, the Ericksons sought to modify their loan, but were rejected.  The Ericksons brought a claim in King County Superior Court in August 2010, seeking relief.  The suit was removed to federal court, which awarded summary judgment in favor of Deutsche Bank.  In 2013, J.P. Morgan assigned its interest to Deutsche Bank, who filed suit to foreclose on the Erickson's home in 2014.  The trial court awarded summary judgment in favor of Deutsche Bank, which this court affirmed on appeal.

In 2019, the Ericksons again filed suit in King County Superior Court.  They sought relief under CR 60 for: (1) relief from the 2015 foreclosure judgment for fraud upon the court; (2) declaratory judgment that the 2015 judgment is void; (3) common-law fraud; (4) breach of the implied covenant of good faith and fair dealing; and (5) relief from the 2015 judgment based on lack of subject matter

---

[1] We adopt the facts as set out in the opinion from the direct appeal in this matter. Deutsche Bank Nat. Tr. Co. for Long Beach Mort. Loan Tr. 2006-4 v. Erickson, No.73833-0-I (Wash. Ct. App. Feb. 13, 2017) (unpublished) http://www.courts.wa.gov/opinions/pdf/738330.pdf.

[2] The Ericksons allege counsel for Respondent actually represent a separate entity and are "pretending to appear for Deutsche Bank." With no evidence to support this claim beyond the Ericksons' own accusations, we refer to the parties as the trial court did below.

[3] Deutsche Bank Nat. Tr. Co., No.73833-0-I, slip op. at 2.

jurisdiction. On June 16, 2020, the trial court granted summary judgment in favor of Deutsche Bank, dismissing the Ericksons' claims with prejudice.

The Ericksons appeal.

ANALYSIS

I.      Summary Judgment

We review an order of summary judgment de novo, "considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party." Singh v. Fed. Nat'l Mortg. Ass'n., 4 Wn. App. 2d 1, 5, 428 P.3d 373 (2018) (quoting Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015)).

A.      Conversion to Summary Judgment from Motion to Dismiss

First, the Ericksons argue that the trial court deprived them of their due process rights by improperly converting Deutsche Bank's motion to dismiss into a motion for summary judgment during the hearing.

"Either party may submit documents not included in the original complaint for the court to consider in evaluating a CR 12(b)(6) motion." McAfee v. Select Portfolio Servicing, Inc., 193 Wn. App. 220, 226, 370 P.3d 25 (2016). However, where "a party submits evidence that was not in the original complaint, such submissions convert a motion to dismiss to a motion for summary judgment." Cedar W. Owners Ass'n v. Nationstar Mortg., LLC, 7 Wn. App. 2d 473, 482, 434 P.3d 554 (2019) (quoting McAfee, 193 Wn. App. at 226).

Here, the Ericksons filed 31 documents and four motions over the course of the 13 months between the denial of their motion for a preliminary injunction and the hearing on Deutsche Bank's motion to dismiss. Additionally, the Ericksons failed to object to the conversion of the motion to dismiss into a motion for summary judgment. Generally, this court "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a), quoted in, Fireside Bank v. Askins, 195 Wn.2d 365, 374, 460 P.3d 157 (2020). Because the Ericksons' own submissions of significant evidence, beyond what was attached to their complaint, in response to Deutsche Bank's motion to dismiss prompted the conversion to a summary judgment proceeding, and because they failed to object below, the trial court did not err.

B.    Merits of Summary Judgment Motion

Next, the Ericksons argue even if conversion into a motion for summary judgment was proper, the trial court erred as a matter of law in granting summary judgment in favor of Deutsche Bank on the merits.

"Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Singh, 4 Wn. App. 2d at 5. The court granted summary judgment on several bases: first, to the extent the complaint sought relief under CR 60, it was not filed timely; second, to the extent the complaint sought relief under CR 60, it sought affirmative relief not appropriate under the court rule; third, the issues raised are barred by collateral estoppel.

The Ericksons argue the trial court erred in treating their "Independent Action" as a CR 60(b) motion. The Ericksons misconstrue the record in two ways. First, the trial court referred to their action as seeking relief under CR 60 generally. Second, the Erickson's complaint <u>does</u> seek relief under CR 60(b) as well as CR 60(c), stating "All Judgments and Orders rendered in the Judicial Foreclosure Action . . . must be vacated under CR 60(b)(5)." The trial court did not err by referring to the Erickson's actions as seeking relief under CR 60, and did not err because the Ericksons did seek relief under CR 60(b) as well as CR 60(c).

### 1.     Timeliness

Under CR 60(b), a motion must be made to vacate the judgment "not more than 1 year after the judgment, order, or proceeding was entered or taken." The Ericksons admit in their complaint that they sought relief from the judgment entered on August 27, 2015. Their CR 60 filing is dated May 13, 2019. Therefore, the trial court did not err in finding that, to the extent the Ericksons sought relief under CR 60(b)(5), the pleading was untimely.

### 2.     Affirmative Relief under CR 60

In <u>Fireside Bank</u>, the Washington State Supreme Court discussed the relief available under CR 60. <u>See</u> 195 Wn.2d at 375–76. While the plaintiffs in <u>Fireside Bank</u> brought a motion under CR 60(b), the court discussed CR 60 broadly. The court held that "CR 60 is a limited procedural tool that governs relief from final judgment," balancing the principles of equity and finality. <u>Id.</u> at 375.

The rule is equitable in nature, "consistent with a court's 'inherent power to supervise the execution of judgments' that have prospective effect." Id. (quoting Pac. Sec. Cos. v. Tanglewood, Inc., 57 Wn. App. 817, 821, 790 P.2d 643 (1990)). However, "[n]o matter the circumstances," the only relief available "pursuant to CR 60 is relief 'from a final judgment, order, or proceeding,' not any entitlement to affirmative relief." Id. at 375–76 (alteration in original) (quoting CR 60(b)).

Even if the Ericksons only sought relief under CR 60(c), the language of subsection (c) mirrors this language. It states "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding." CR 60(c) (emphasis added).

The trial court correctly determined that the Ericksons were not entitled to affirmative relief under CR 60.

### 3. Collateral Estoppel

Next, the Ericksons argue that the trial court erred in granting summary judgment on the basis of collateral estoppel. They argue that "independent actions for fraud on the court are not barred by the doctrines of res judicata or collateral estoppel."

The Ericksons are correct that independent actions under CR 60 are not always subject to res judicata if the claim meets a "demanding standard." See United States v. Beggerly, 524 U.S. 38, 46–47, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998) (analyzing Federal Rule of Civil Procedure 60). However, the Erickson's claim was not dismissed based upon res judicata, but upon collateral estoppel. The Ericksons cite no authority for the contention that collateral

estoppel does not apply in an action under CR 60. They cite Corporate Loan & Security Co. v. Peterson, which stated after one year, "the only remedy available for the vacation of a judgment is an independent action in equity or a collateral attack." 64 Wn.2d 241, 244, 391 P.2d 199 (1964). However, the court in Corporate Loan & Security Co. does not hold collateral estoppel did not apply to these independent actions or collateral attacks.

Collateral estoppel prevents litigation of an issue if four elements are met. Hanson v. City of Snohomish, 121 Wn.2d 552, 561–62, 852 P.2d 295 (1993). The four elements are: (1) the issues presented in the previous and current adjudications are identical; (2) the prior adjudication ended in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior adjudication; and (4) application of the doctrine does not work an injustice. Id.

Here, the Ericksons present identical issues as they did in a federal proceeding in 2010, and again in a superior court action in 2014. Deutsche Bank Nat. Tr. Co., No.73833-0-I slip op. at 2. In 2017, this court held collateral estoppel precluded the Ericksons' 2014 claim. See Id. at 2–3. We held the Ericksons were precluded from arguing Deutsche Bank does not possess the original note and therefore cannot foreclose. Id. at 3. In the present case, the Ericksons argue Deutsche Bank does not possess the valid, original, note, and therefore did not have standing to foreclose on their home. These issues are identical.

Second, both prior adjudications ended on a valid, final judgment on the merits. "[A] final judgment 'includes any prior adjudication of an issue in another

action that is determined to be sufficiently firm to be accorded conclusive effect.'" In re Dependency of H.S., 188 Wn. App. 654, 661, 356 P.3d 202 (2015). "A grant of summary judgment constitutes a final judgment on the merits and has the same preclusive effect as a full trial of the issue." Brownfield v. City of Yakima, 178 Wn. App. 850, 870, 316 P.3d 520 (2014) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Nw. Youth Servs., 97 Wn. App. 226, 233, 983 P.2d 1144 (1999)). The federal court for the Western District of Washington entered summary judgment against the Ericksons, as did the King County Superior Court in 2014. Deutsche Bank Nat. Tr. Co., No.73833-0-I, slip op. at 3, 6.

Third, the Ericksons were parties to both the federal proceeding and the superior court proceeding. Id. at 6.

Finally, collateral estoppel will not work an injustice against the Ericksons. This is the third time the Ericksons have raised an identical claim. They have had more than a full and fair opportunity to litigate their case in both state and federal court. Each time, their claim has failed. During the hearing for a preliminary injunction, the Ericksons' counsel at the time was warned the court was concerned about whether the claim "is a proper use of your role as an officer of the court" and that the court would consider sanctions if counsel continued with the case. Collateral estoppel is designed to promote "judicial economy and serves to prevent inconvenience or harassment of parties. Also implicated are principles of repose and concerns about the resources entailed in repetitive litigation." Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 306–

07, 96 P.3d 957 (2004). Application of collateral estoppel is appropriate here, where the Ericksons bring a third identical claim against the same party.

The Ericksons also allege that if this court holds their collateral attack is barred by collateral estoppel, every collateral attack would be barred. They incorrectly anticipate the basis for our decision. Our decision does not rest upon the procedural posture of the Ericksons' claim as a collateral attack on a judgment, but on its substance. The Ericksons allege fraud based on the same facts as their prior litigation, which was decided on the merits. Because of the substance of their claim, it is barred by collateral estoppel. The trial court did not err in so finding.

### C. Consideration of Evidence

The Ericksons also allege summary judgment was improper because the superior court never viewed the exhibits and declarations they submitted. This is based on the trial court's statements that it "didn't see" the Paatalo and Nora declarations when seeking to retrieve them within the digital record system. However, the trial court's initial confusion seemed to be because the declarations had been filed early in the life of the case, stating "I didn't realize I was going that far back in the record to look for them." The declarations were attached to the Ericksons' May 13, 2019 complaint, filed long before the hearing on June 6, 2020. There is no reason to believe the trial court neglected to review the declarations in the 13 months between the filing of the complaint and the summary judgment hearing simply because it could not pull up the declarations during the hearing. As Deutsche Bank notes, the trial court made specific rulings with respect to both

declarations in its written order. The Ericksons have brought forth no evidence to suggest that the trial court did not review these declarations prior to making its decision.

Additionally, the court explicitly noted on the record all it had "received and reviewed," before asking the Ericksons if there was "anything else that you filed that I should be considering?"—to which Ms. Erickson responded "I believe that's it." Therefore, any objection is waived by the Ericksons' failure to raise it below. See Fireside Bank, 195 Wn.2d at 374.

The trial court properly ruled there were no genuine disputes of material facts, and Deustche Bank was entitled to judgment as a matter of law. We affirm the trial court's summary judgment award in favor of Deutsche Bank.

II.      Evidentiary Determinations

Finally, the Ericksons argue that the trial court erred by striking portions of the Nora declaration. We review evidentiary rulings related to a summary judgment motion de novo. Martinez-Cuevas v. DeRuyter Brothers Dairy, Inc., 196 Wn.2d 506, 514, 475 P.3d 164 (2020) (quoting Wilkinson v. Chiwawa Cmtys. Ass'n, 180 Wn.2d 241, 249, 327 P.3d 614 (2014)). This is "consistent with the requirement that the appellate court conduct the same inquiry as the trial court." Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

"[E]videntiary error is grounds for reversal only if it results in prejudice." Bengtsson v. Sunnyworld Int'l, Inc., 14 Wn. App. 2d 91, 99, 469 P.3d 339 (2020) (quoting City of Seattle v. Pearson, 192 Wn. App. 802, 817, 369 P.3d 194 (2016)). "An error is prejudicial if 'within reasonable probabilities, had the error not occurred,

the outcome of the trial would have been materially affected.'" <u>Id.</u> The Ericksons have failed to demonstrate a reasonable probability that the outcome would have been different had the Nora declaration not been struck. Based on the court's decisions regarding timeliness and unavailability of affirmative relief under CR 60, as well as its decision on the basis of collateral estoppel, it is unlikely the outcome would have been different had the Nora declaration been admitted. The trial court did not abuse its discretion in excluding the Nora declaration.

The Ericksons fail to demonstrate any reversible error by the trial court below. We affirm the trial court's award of summary judgment in favor of Deutsche Bank.

Affirmed.

WE CONCUR:

Coburn, J.

Mann, C.J.