# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STEPHEN ELDER, on behalf of himself and all others similarly situation,<br><br>    Petitioner,<br><br>    v.<br><br>MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; ENCORE CAPITAL GROUP, INC., and SUTTELL & HAMMER, P.S.,<br><br>    Respondents. | No. 84301-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Midland Funding LLC obtained the rights to a delinquent credit account held by Stephen Elder. Through its attorneys Suttell & Hammer P.S., Midland obtained a default judgment against Elder in 2012 and garnished his bank account in 2019. After Elder obtained counsel, Midland's default judgment was vacated and its lawsuit dismissed without prejudice. Elder then sued Midland, Midland Credit Management Inc., Encore Capital Group Inc., and Suttell, claiming Midland and Suttell lacked required licenses to act as a collection agency. Elder asserted putative class claims under the Consumer Protection Act (CPA), chapter 19.86 RCW, and the Collection Agency Act (CAA), chapter 19.16 RCW, seeking among other relief to vacate "the judgments obtained against the Class while [Midland] and Suttell were unlicensed and restraining Defendants from collecting or attempting to collect amounts in excess of the principal balance of the underlying

debt." Elder sought declaratory and injunctive relief, damages, and attorney fees and costs.

After the superior court compelled arbitration, Elder sought discretionary review. He disputed the existence of an agreement to arbitrate or his assent to one. In addition, he argued that to the extent he sought to vacate unlawful judgments, that claim was outside the scope of the parties' arbitration agreement under Wiese v. Cach, LLC, 189 Wn. App. 466, 478-79, 358 P.3d 1213 (2015). This is because the arbitration agreement at issue states that it applies "unless . . . a final judgment has been entered." This court granted review solely on the latter issue. We review a decision on a motion to compel arbitration de novo. Id. at 473. Our review is limited to determining whether Elder's claims are arbitrable, without weighing the potential merits of the underlying claims. See Hanford Guards Union of Am., Local 21 v. Gen. Elec. Co., 57 Wn.2d 491, 494, 358 P.2d 307 (1961).

In Wiese, we considered claims against a corporation and its parent company based on their allegedly acting as a debt collection agency without a license. 189 Wn. App. at 471. Credit card holders against whom the corporation had obtained default judgments in collection actions asserted claims for civil conspiracy violation of the CPA and CAA. Id. at 471-72. They sought damages, declaratory relief, and injunctive relief, including an injunction requiring the corporation "to move to vacate the judgments obtained in the collection actions." Id. at 472.

We held a comprehensive arbitration clause in the credit card agreement required arbitration of the tort, CPA, and CAA claims. Id. at 478. But we

recognized the arbitration clause had one relevant exception, that " '[a]rbitration may be selected at any time unless a judgment has been rendered.' " Id. at 475. This language retained in arbitration any claims on which a judgment had not been rendered in the collection actions. Id. at 477. But it excluded a claim to vacate previously entered judgments. Id. at 479. Washington recognizes that vacation of judgments deemed to be void or procured through fraud may be sought through an independent action in equity or a collateral attack. Id. at 478 (citing Corp. Loan & Sec. Co. v. Peterson, 64 Wn.2d 241, 243-44, 391 P.2d 199 (1964)). We held that under the language of the arbitration clause, "the claim to vacate the judgments entered in the collection actions is not subject to arbitration." Id. at 479.

In his complaint, Elder prayed for "injunctive . . . relief . . . vacating the unlawful judgments obtained by [d]efendants against [Elder] and [c]lass members." To the extent Elder seeks to vacate any final judgment that has been entered, Elder asserts a claim that is outside the scope of the arbitration clause. Therefore, to that extent, we reverse in part the order compelling arbitration. The respondents remain free to pursue any procedural and substantive defenses against this claim on remand. The order compelling arbitration is reversed in part to the extent stated, and remanded.

Birk, J.

WE CONCUR:

Feldman, J.

Smith, C.J.

3